Cases in the Court of Errors and Appeals, Supreme
Court, Court of Chancery and Prerogative Court,
not included in the official reports,

also

Cases in the Lower Courts

LUCY BACKES CAREY, petitioner,

*v.*

DAVID STEWART CAREY, defendant.

[Decided December 8th, 1925.]

**Divorce—Counter Petitions For Divorce From Bed and Board on
Ground of Constructive Desertion—Decree For Wife, With
Custody of Children and Allowance For Support—Wife Now
Petitions For Increased Allowance, Based on Increased In-
come and Because of Increased Expenses—Husband Peti-
tions For Consignment of Children to a Home and the Re-
moval of Trusteeship of Wife For Children—Held, That
Burden of Proof of Increased Income Was Not Sustained—
That the Trusteeship Cannot be Considered in This Proceed-
ing, and That Wife's Conduct, Though Reprehensible, Does
Not Seem to Amount to a Sufficient Cause For Taking Chil-
dren Away at Present, Though This May be Done Later.**

On cross-petition for increase of alimony and for modifi-
cation of award of custody. On final hearing.

(1)

*Mr. W. Holt Apgar* and *Mr. William Hartshorne,* for the petitioner.

*Messrs. Stokes & McDermott* and *Mr. Merritt Lane,* for the defendant.

BUCHANAN, V. C.

The original cause comprised counter-petitions for divorce from bed and board on the ground of constructive desertion. Decree was made April 28th, 1922, in favor of the wife, awarding her the custody of the three children (with rights of visitation and access to the father), together with an allowance of $200 per month for the support of herself and the children (girls, at that time seven, six and four years old). The wife and children reside in a house owned by the wife as trustee for the children.

The wife now petitions for an increase in the allowance, based chiefly on allegations of increased income to the husband, and extraordinary expenses on account of illnesses. The proofs by the husband on this point are by no means as satisfactory as they should be, but, after all, the burden is upon petitioner, and to my mind she has not only failed to establish increased income of the husband, but has also failed to establish necessity for increased allowance. The proofs are rather to the contrary, and the alleged extraordinary expenditures are in large part made up by the cost of her taking the three children to New York on occasions when visits were made there on account of the illness of only one of them or of the mother. I am unable to find that such a practice was necessitated or justified.

It may well be true that the mother found it difficult to enlist the services of friends on such occasions, but for that she has only herself and her conduct to blame. It does not appear that proper paid assistance could not have been procured; and it further appears that the wife has relatives in or near New York, who, presumably, might have been of assistance.

The fact that the wife's petition in this behalf was first filed in October, 1923, and was not thereafter pressed for more than a year, may also fairly be considered as tending to negative necessity for additional income.

The wife's petition will be denied.

The husband's cross-petition alleges that the wife is not a "suitable" person to have the custody of the children, or to be trustee of the children's property, and prays that an order may be made placing the children in some institution, and appointing a substituted trustee for the property.

So far as the latter is concerned, it seems clear that no such order can be made in this cause. The trust is not a part of the subject-matter of this proceeding; the children—necessary parties, as beneficiaries, to a cause involving the trust estate—are not parties to this cause. So far as I know the trust has not been established in this court, and to make any valid decree in regard thereto, it would seem that that could be done only in an independent proceeding commenced by bill and subpœna.

As to the prayer for award of custody of the children to an institution, I doubt that such an order can be made without a finding that neither parent is fit to have the custody of the children, although, doubtless, in a proper case, an order as to custody might be made conditional upon the custodian's making specified arrangements, either as to school, or residence, or other factors, or arrangements in that behalf, which should be approved by this court.

However, I have, of course, considered the matter upon the broader ground of whether the custody of the children should be taken from the mother, and I confess that the problem has been a serious and perplexing one.

The home atmosphere and circumstances of these children is by no means what it could be, and ought to be, what this wife ought to seek to establish and maintain as one of her most important responsibilities to these daughters. She has been, at least, exceedingly indiscreet and a violator of the properties in her conduct and relationship with the man who seems narrowly to have missed being named as a co-

respondent in the original proceedings. There is adequate ground for suspicion that her conduct may not have been merely indiscreet. Her attitude of hostility to her husband (whether justified at the present time or not), and her resentment at the dissatisfaction evinced by the community over her disregard of the proprieties and social conventions, has, apparently, hardened her and led her to conduct of which she might not otherwise have been guilty, by way of challenge to the community, and has led to her virtual ostracism.

On the other hand, the proofs to my mind fall sort of establishing the gross misconduct which the husband seeks (and not without justification) to spell out of them. It does appear that she has a real affection for the children and a careful concern for, at least, their material welfare. I am not quite satisfied that they should be removed from her custody, although, as I have said, I have had grave doubts.

She has it within her own power to eliminate those doubts by her future conduct. If she desires to keep the children she will see to it that her conduct in future is such as to afford no ground for criticism or suspicion. This she should have done in the past, of course, not merely from a selfish desire, but from a desire to provide her children with the best environment and a home life conducive to their best welfare.

If she fails to modify her conduct she will run the risk of losing the children, and, possibly, also maintenance for herself.

Both petitions will be dismissed, without costs, except that an allowance of one hundred dollars ($100) will be made by way of counsel fee to the wife, in view of the fact that the allowance was not made (because not asked for by her then solicitors) at the time of proceedings to enforce the maintenance payments.