HAZEL BELLE McLEOD, petitioner-respondent,

*v.*

NEILL SMITH McLEOD, defendant-appellant.

[Argued October 27th, 1941.   Decided January 9th, 1942.]

*Messrs. Strong & Strong,* for the defendant-appellant.

*Mr. Heston N. Potts,* for the petitioner-respondent.

. The opinion of the court was delivered by

WELLS, J.

This is an appeal by the husband, a practicing physician of Highland Park, New Jersey, from an order of the Court of Chancery, entered March 25th, 1941, increasing the amount of permanent alimony awarded on final hearing October 9th, 1939, and allowing additional counsel fee.

A final decree of divorce *a mensa et thoro,* which the husband did not contest, was obtained by the wife, on the ground of extreme cruelty. It gave the wife custody of the three infant children and ordered the husband to pay for the support and maintenance of the wife and children the sum of $75 each week and that she was to have the use of an apartment in a building owned by the husband and wife as tenants by the entirety; and directed that he also pay for the supplying of electricity, gas, water and heat (hereafter called accessories) for the apartment and pay the wife's solicitor $625 counsel fee and taxed costs. She had already been allowed $400 counsel fee *pendente lite* and costs.

The modifying order of March 25th, 1941, from which this appeal is taken, directs the wife to establish a separate residence for herself and children in New Jersey, distinct and apart from the apartment then occupied by them, and orders the husband to pay $85 instead of $75 per week for the support of the wife and children and the sum of $75 per month for rent of the separate residence and an additional counsel fee of $125. The reason given by the wife for a change of residence is that the husband, who had his offices and separate apartment in the same building with the wife and children, continued, after the decree of divorce had been granted, his abuse and cruelty to her. In his affidavits the husband denied these accusations and placed the blame on the wife for the continuance of the difficulties.

No oral testimony was taken on this application and the depositions were conflicting but there was sufficient to justify the advisory master, irrespective of who was responsible for

the friction, to direct the wife to move out of the apartment, as she requested, to another residence. It was obviously for the best interests of all concerned that the husband and wife should not occupy the same building.

The question, however, is not who was to blame for the change of residence. The question is was the advisory master acting within sound discretion when he increased by $10 per week the amount to be paid by the husband for support and maintenance and by allowing the sum of $75 per month for the rent and accessories of another residence for the wife and children. We think the advisory master did not so act. He delivered no opinion or conclusions, oral or written, and we are without the benefit of his reasons for advising the order appealed from.

The amount of permanent alimony to be awarded depends upon the necessity of the wife in her station of life and the ability of the husband to pay. To increase the amount of alimony already awarded a wife there must appear a necessity· for the increased allowance, and the ability of the husband to pay such increase. *Carey* v. *Carey, 131 Atl. Rep. 103* (not officially reported).

From December 1st, 1938, to November 1st, 1939 (date of allowance of alimony *pendente lite*) the husband had been paying the wife $50 per week, with the use of apartment and accessories, and this, with the $80 per month personal income of the wife, sufficed for the maintenance of the wife and children. This amount was increased by the order *pendente lite* to $75 per week and a like amount was incorporated in the final decree of October 9th, 1939, with the use of the apartment and accessories. At this time this allowance was satisfactory to the wife, who had been for many years office nurse and secretary-bookkeeper in her husband's office and claimed intimate kowledge of the value of his real and peronal estate and his income during the year 1938 and years prior thereto. In open court, with the attorneys of both parties present, the allowance was consented to.

The burden of proof is now on the wife to show the necessity for an increased allowance. She starts off with the premise that she is entitled to receive for the rent and acces-

sories of her new residence an amount equal to the rental value of the apartmnt and accessories she vacated, and she fixes this at $140 per month which she says is the value estimated by the real estate agents in their affidavits. An examination of these affidavits, however, discloses that this is the rental value placed upon three apartments. She claims only to have occupied the second floor apartment and two other rooms, the location of which does not appear. The husband occupied the first floor apartment and says that there is no third floor apartment. It is significant that one of the agents fixed the sum of $70 per month as a fair rental for the second floor apartment with the accessories. The husband says that this is substantially the apartment the wife and children occupied and that it is now rented for $70 per month with accessories.

We are unable to find any competent proofs in the record from which the advisory master could calculate the value of the use and occupation of the apartment formerly occupied by the wife with accessories. The nearest approach to it would be $70 per month and that is a guess.

Furthermore, we find nothing in the depositions in the record before the court as to the rental value of the new residence into which the wife and children have moved. She excuses this in her brief by the statement that at the time of the application to modify the decree she did not know where she would move; that her right to change her residence was dependent upon the court. She says that she was therefore unable to submit proof to the advisory master of the nature or place of her new residence. Notwithstanding this, however, she goes on to say in her brief, without any proof to support it, that she moved to 15 Tower Hill Road, Mountain Lakes, New Jersey, for which she pays $75 per month rent and supplies her own electricity, gas, water and heat and also pays for all necessary repairs in her home. The total cost for the items aforesaid she claims is $150 per month; that she receives rent of $40 from subletting third floor rooms; that her net cost for rent, electricity, gas, water, heat and upkeep is therefore $110 per month, equal to the increase allowed by the advisory master.

Nowhere in her moving papers can we find what amount she required for her new residence and accessories. We can find no proof whatever before the advisory master as to location or kind of the house she was to occupy, nor the cost of accessories. The husband counters in his brief to the effect that there is on file in this court on the application *pendente lite,* uncontradicted proofs by a licensed real estate broker of Mountain Lakes, to the effect that No. 15 Tower Road, Mountain Lakes, New Jersey, is owned by the Boonton National Bank, New Jersey; that the house is large and difficult to rent; that the owner had it listed with said real estate broker for rent in the winter of 1940-1941 at $50 per month, that the sale price of the property was $7,500 on contract of sale, requiring $75 monthly payments; that in the opinion of the broker the wife is paying $75 monthly for possession and receiving a minimum of $40 monthly from her tenant. We have not been able to find these proofs in the state of the case. From the briefs of the respective parties, however, perhaps it can be taken for granted that the wife now occupies a residence for which she is paying, either as rent or on a purchase price basis, the sum of $75 per month and is receiving $40 per month rental for a portion thereof, making a net amount of $35 paid by her monthly for rent without accessories. There is nothing to show the actual cost of the accessories required for this residence.

Furthermore, there is no proof that $75 weekly is inadequate support for herself and children for everything beyond rent and accessories. There is no competent proof to show that there has been any increase in the earnings of the husband since October, 1939, or that he is able to pay such increase. Here again the burden of proof is upon the wife and in our opinion she has not only failed to establish increased income of the husband but has also failed to establish necessity for increased allowance by way of support and maintenance. In this posture of the case we are of the opinion that there should be no increase in the amount to be allowed for support and maintenance and that the order of modification should be set aside, without costs, and that the cause be remanded to the Court of Chancery to take further proofs as

to the proper amount to be allowed for the rental of a suitable residence for her and the children and to ascertain the cost of the electricity, gas, water and heat for such residence, and that an order be made in conformity with the proofs thus taken, which order shall not require the payment by the husband for the rental of another residence and accessories of a sum of money in excess of the rental value and accessories of that portion of the residence heretofore exclusively used by the wife and children under the decree of October 9th, 1939.

We think the counsel fee of $125 allowed the wife, without taxed costs, is reasonable, but that no further counsel fees or costs should be allowed in the proceedings necessary to conform to this opinion.

*For modification*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.