19 N.J. Super. 358 (1952)
88 A.2d 526
STEPHANIE LISS, PLAINTIFF-APPELLANT,
v.
EDWARD J. LISS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 1952.
Decided May 6, 1952.
*359 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Joseph Schoenholz argued the cause for appellant (Mr. C. Robert Sarcone, attorney).
PER CURIAM.
Plaintiff appeals from an order entered in the Chancery Division on December 19, 1951, fixing at $300 the amount of arrears due under an order entered June 25, 1948 for the support of the infant son, to be paid at the rate of $10 a week; directing defendant to pay $20 a week for the support of the child and $5 a week for the support of the plaintiff, beginning December 10, 1951; denying her application for medical expenses for an eye operation, and allowing $100 counsel fee and actual disbursements to her attorney.
Plaintiff obtained a decree nisi on May 7, 1947 on the ground of defendant's extreme cruelty. It made no provision for alimony or support for the child. Thereafter, she *360 obtained the order of June 25, 1948, modifying the decree nisi by awarding custody to plaintiff with right of visitation in the father, and directing defendant to pay plaintiff $15 a week for the support of the boy. In May 1951 plaintiff moved to have defendant adjudged guilty of contempt for failure to make support payments from September 13, 1948 to November 14, 1950, totalling $1,680 and for an increase in the support allowance, exclusion of defendant's right of visitation, payment for plaintiff's medical care, and counsel fees and costs. Her supporting affidavit revealed that she took the child to Florida on the advice of its physician and remained there from December 28, 1948 to July, 1950, a period of 78 weeks. The advisory master concluded that defendant was only $300 in arrears (20 weeks at $15 a week), eliminating from his calculations the 78 weeks plaintiff and the boy had spent in Florida. The support order was increased to $20 a week, defendant was directed to pay $10 a week on account of the arrears, plaintiff's application for payment of an eye operation was denied, and the visitation arrangement continued.
Plaintiff immediately filed a notice of motion for reargument, stating she would also apply for support for herself. The result was the order of the Superior Court judge which is the subject of this appeal. Plaintiff claims the arrearages were wrongly determined, that the alimony and support allowances are both inadequate and should have been made retroactive to the time of the respective applications therefor, and that there was error in denying a request for medical expenses. She also claims that the counsel fee of $100 allowed by the trial court is inadequate. The respondent has not defended the appeal.
Defendant's income tax return for 1950 showed gross earnings of $7,444.50 and his affidavit shows 1951 earnings averaging about $143 a week. Plaintiff's average weekly earnings are $32.74. In the circumstances, the allowance of $5 a week for the plaintiff was inadequate. N.J.S.A. 2:50-37; Parmly v. Parmly, 125 N.J. Eq. 545 (E. & A. *361 1939); McLeod v. McLeod, 131 N.J. Eq. 44 (E. & A. 1941). The award to the wife should be increased to $20 a week, retroactive to December 10, 1951, the date of the Chancery Division order.
The denial of plaintiff's application for the expenses of an eye operation is affirmed. This anticipated expense, if incurred, should not be imposed on the defendant in addition to the alimony award as fixed by us, especially in view of the fact that plaintiff is employed and lives with her mother.
The allowance of $20 a week support for the son was proper under the circumstances. Bruguier v. Bruguier, 12 N.J. Super. 350 (Ch. Div. 1951). There was, however, error in fixing the amount of support arrearages at only $300. Defendant's contention that he is not obliged to pay support for the period his son was in Florida is without merit. Feinberg v. Feinberg, 72 N.J. Eq. 810 (Ch. 1907); 10 New Jersey Practice (Herr, Marriage, Divorce and Separation (2d ed.)) § 622, p. 655. Whether part or all of the support arrearages should be cancelled is always addressed to sound discretion, each case requiring a careful examination and weighing of all the essential facts in the case capable of motivating sound judicial judgment. Federbush v. Federbush, 5 N.J. Super. 107 (App. Div. 1949). It is to be observed that defendant at no time sought modification of the June 25, 1948, order, or took any step to make his right of visitation effective and real. Neither he nor anyone for him ever protested to the wife or anyone else the son's absence from the State.
Defendant admits non-payment of support for 100 weeks, including all of 1949 and 11 months of 1950. The proofs show that defendant was 10 weeks in arrears for 1948. The order below should therefore have fixed the arrears at $1,650, representing 110 weeks at $15 a week. Defendant will be required to pay these arrears at the rate of $10 a week.
The allowance of $20 a week for the support of the son will be retroactive to June 14, 1951, when the advisory master *362 determined that the allowance should be increased from $15 to $20 a week. The allowance to plaintiff's attorney of $100 counsel fee, together with actual disbursements incurred in the application before the advisory master and the reargument before the Superior Court judge, is affirmed. A counsel fee of $150 is allowed to appellant's attorney on this appeal.