43 N.J. Super. 538 (1957)
129 A.2d 317
SARAH JANE SLEP, WILLIAM HENRY SLEP, III, AND JOHN HARVEY SLEP, PLAINTIFFS,
v.
WILLIAM HENRY SLEP, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 8, 1957.
*540 Mr. Ernest S. Glickman, attorney for plaintiffs.
Mr. Mitchell H. Cohen and Mr. Ivan Michaelson Czap, attorneys for defendant.
MARIANO, J.S.C.
Plaintiffs, by motion, seek to establish the amount of arrearages under an order fixing the amount of support and maintenance for two children. Defendant counters with an application for the discharge of said order and extinguishment of any arrearages and dismissal of the motion.
Plaintiffs secured an order in this cause on December 2, 1940, by the terms of which defendant was ordered to pay the sum of $40 per week for the support and maintenance of his wife and two children, William and John. William was born on July 17, 1928 and was about 12 years of age at the time of the making of the order. John was born on January 6, 1931 and was then about 10 years of age.
The parties were divorced on November 1, 1940.
On June 11, 1942 the above order was modified to eliminate therefrom defendant's former wife and reduced the amount to be paid thereunder. The order reads as follows:
"* * * That the defendant, William Henry Slep, pay to the petitioner, or to her solicitors, the sum of $25.00 a week for the support and maintenance of the infant children in her custody, William Henry Slep, III, and John Harvey Slep, said payments to commence as of March 23, 1942."
It was further provided in said order that out of the moneys realized from the sequestration proceedings, after *541 paying the various items, the plaintiff's former attorney, J. Albert Homan, Esq., now deceased, pay out of the fund in his possession the moneys that were left over, to wit, $2,935.12, and
"to pay and deliver the balance of said fund to Edward J. Whelan, Clerk of this Court, and that said Clerk be directed to pay therefrom the weekly installments for the support and maintenance of the infant children, William Henry Slep, III, and John Harvey Slep, until such funds shall have been exhausted, or until the further order of this Court."
This fund which was used for the support and maintenance of said children was soon exhausted. The last payment was made out of the above fund in April of 1944, since which time defendant has not made any payments in accordance with the provisions of the order. Plaintiffs failed to institute any proceedings of whatever nature to compel the defendant to abide by the provisions of the order until the month of June 1956.
With respect to the enforcement of the allowance for children, the methods available are the same as those for the enforcement of the orders for support of a wife.
Plaintiffs properly admit that the enforcement, collection, modification and extinguishment of arrearages of this nature and the court's control of past-due installments of support for children is an equitable remedy within the discretion of the court. Duffy v. Duffy, 19 N.J. Misc. 332 (Ch. 1941); Madden v. Madden, 136 N.J. Eq. 132 (E. & A. 1945); Federbush v. Federbush, 5 N.J. Super. 107 (App. Div. 1949); Liss v. Liss, 19 N.J. Super. 358 (App. Div. 1952), are authority for the general principle that under our divorce statute past-due installments of alimony and support for children do not vest as they become in arrears but are subject to the control of the court.
This court has always been most zealous in applying equitable principles to all phases of the marital relationship. The Legislature has committed this matter to the jurisdiction of the Superior Court. Chancery Division, to the end *542 that equitable principles should be applied. The statutory language is N.J.S. 2A:34-23, formerly R.S. 2:50-37:
"Pending any matrimonial action brought in this state or elsewhere, or after judgment of divorce or maintenance, whether obtained in this state or elsewhere, the Court may make such order as to the alimony or maintenance of the wife, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders. Upon neglect or refusal to give such reasonable security, as shall be required, or upon default in complying with any such order, the court may award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate of the party so charged, and appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate, or so much thereof as shall be necessary, to be applied toward such alimony and maintenance as to the said court shall from time to time seem reasonable and just; or the performance of the said orders may be enforced by other ways according to the practice of the court. Orders so made may be revised and altered by the court from time to time as circumstances may require."
It is difficult to conceive language more apt to express legislative intent that the court shall in all such cases do equity.
Orders for the care, custody, education and maintenance of children of divorced parents may be revised and altered by the court from time to time as circumstances may require. N.J.S. 2A:34-23 supra. See Kopak v. Polzer, 4 N.J. 327 (1950).
As there is no vested right to recover unpaid arrearages of alimony or maintenance, for it is always within the power of the court to modify its original order with retroactive effect, and thus to reduce the amount of unpaid arrearages or to extinguish same entirely, it follows that the court has authority to decline to make orders facilitating collection of such unpaid arrearages. In all such matters the court exercises a sound discretion based upon equitable principles. Duffy v. Duffy, supra; Liss v. Liss, supra.
Having established the premises that the enforcement and collection of past-due installments rests in the sound discretion *543 of the court, it seems obvious that a careful examination of all the essential facts in the case capable of motivating sound judicial judgment is required.
Following the recognition of the divorce, and after the modification of the original order, plaintiffs took no steps whatsoever to enforce the order although on many occasions defendant to the knowledge of the plaintiffs was residing within the jurisdiction of this court. The residence of the defendant outside of the State of New Jersey was at all times known to the plaintiffs. Thus, no obstacle stood in the way of the plaintiffs proceeding against the defendant for the enforcement of the said order. No reason is assigned or given for not having proceeded.
It appears that John Harvey Slep, one of the children, entered the armed services of the United States on or about October 1, 1950 and was stationed at Brooks Air Force Base, San Antonio, Texas, and was self-supporting and self-sustaining and completely emancipated on that date. As a matter of fact, he was self-supporting and self-sustaining prior to his entry into the United States armed forces.
William H. Slep, III, also became a member of the armed services of the United States, but before his entry into the armed forces and before he attained his majority, to wit, on or about the fall of 1946, was self-supporting and self-sustaining and the defendant, nevertheless continued to provide for his support and maintenance.
Where a divorce order has been entered requiring the father to pay a certain sum for the support of the minor children until they reach their majority, the duty of the father under the order is terminated by their induction in the armed services. See Swenson v. Swenson, 241 Mo. App. 21, 227 S.W.2d 103, 20 A.L.R.2d 1409 (App. Ct. 1950).
It further appears that on many occasions for extended periods of time the children involved were maintained and supported by the defendant or members of his family, at Skytop, Monroe County, Pennsylvania, a summer resort. In addition, both children were maintained on a farm provided *544 for them by the defendant in Florida where the said children undertook farming, chicken and turkey raising, and were provided with an automobile in order to market their products. After the fall of 1946, with the exception of one year of training spent by John at Boles Naval Academy in Jacksonville, Florida, paid for by defendant or a member of his family, both children were engaged in lawful remunerative employment in Florida. From March until July 1949, both were employed in the city of Trenton at which time they were living with the defendant at his home on West State Street, and neither was obliged to pay for room or board or for clothing or other items of normal living expenses.
It also appears that the defendant, or members of his family, or both, have expended sums of money aggregating $6,182.51 for the support and maintenance of the children, which the defendant substantiates by records. In addition, payments of money were made by check from time to time for necessary items purchased by both children amounting to a considerable sum, records of which are unavailable. The conduct of the parties made unnecessary the keeping of accurate records. A substantial portion of the above sum was paid to the Hun School, Princeton, for William's education with the knowledge and consent of plaintiffs.
The children remained with their father, or his family, or both, for the following periods of time during which they were maintained and supported: June to November 1941; the summer months of 1943, 1944, 1945 and 1946; from September to the end of November 1946; November 1946 to the end of October 1948; March to the end of July 1949. William became 21 years of age on July 17, 1949; John did likewise on January 6, 1952.
Undoubtedly, a great deal more than the arrearages computed by Sarah Slep has been contributed toward the maintenance and support of the children by their father, either directly or by arrangements through his family, particularly his mother, Valeria Slep Small, and his Aunt, Cora Voorhees, both deceased.
*545 The above factual circumstances establish a course of conduct and arrangements consented to and acquiesced in whereby the care and maintenance of the children was undertaken by the defendant, or defendant through his family. It is not unrealistic to infer from the facts and circumstances surrounding this case that some arrangements had been made between the parties with respect to the support and maintenance of the children, or that plaintiffs acquiesced in defendant's default, or waived their rights, because of the long delay in resorting to the court for compliance. Aunt Cora died and made no provision for Sarah Slep or the two children. When their grandmother died May, 1956, no provision was made in her will for the defendant's former wife or his two children. Thirty days after the death of the grandmother these proceedings were instituted, approximately 15 years since any court action was taken.
The circumstances here presented are not such as to move this court to grant plaintiffs' motion to fix the arrearages. It would be contrary to justice and good conscience not to entirely extinguish the unpaid arrearages and vacate the order.