124 N.J. Super. 198 (1973)
305 A.2d 804
JUDITH EDELMAN, PLAINTIFF,
v.
WARREN EDELMAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 25, 1973.
*199 Mr. Herman S. Ziegler for plaintiff.
Mr. Monroe Ackerman for defendant (Messrs. Rudd and Ackerman, attorneys).
CONSODINE, J.S.C.
Defendant seeks modification of a separation agreement incorporated in a divorce judgment. Plaintiff demands specific performance. The plea for modification is based on significant and substantial changes of circumstances which make specific performance of the agreement *200 unconscionable. See Annotation, "Specific performance of a contract as a matter of right," 65 A.L.R. 7 (1930), and Annotation "Specific Performance, or other equitable enforcement, of agreement for wife's support or alimony," 154 A.L.R. 323 (1945).
A plenary hearing was required to resolve the contested issues of fact. Hallberg v. Hallberg, 113 N.J. Super. 205 (App. Div. 1971).
On the plenary hearing the court finds that in April 1968 when the agreement was executed defendant was employed at an annual salary of $23,000; that this salary increased to $39,250 in 1970; that he was subsequently discharged; that his separation pay of $3,270.50 a month ceased in June 1971; that he last regularly paid plaintiff in accordance with the agreement in 1971; that since that date he made sporadic payments from borrowed money so to avoid incarceration on plaintiff's demands in contempt; that there were no arrears as of the filing of the first motion for modification on May 5, 1971; that on March 1, 1973 the arrears were $18,450; that plaintiff's gross income in 1972 was approximately $28,000; that money available to plaintiff to spend in both 1971 and 1972 is substantially more than her taxable income and that the same is not true of defendant (defendant and his present wife have a current income of less than $9,000 per year); that living with plaintiff and three children in the former marital home (now in plaintiff's name alone) is an identified married man; that the relationship is an admittedly meretricious one with a miniscule payment of room and board to cover the amenities in a brief way; that a portion of defendant's monthly payment, whether paid currently or by way of arrears, would necessarily enure to the benefit of plaintiff's paramour. Here, as in other disciplines, there would have to be applied the doctrine of "cumulative effect," with the outcome that these findings of fact constitute such changed circumstances as to make it unconscionable for a court of equity to enforce *201 specifically the agreement. Berkowitz v. Berkowitz, 55 N.J. 564 (1970); Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971), certif. den. 60 N.J. 139 (1972).
The court cannot discover in the above-related findings of fact, conditions or subsequent events which should have been in the parties' contemplation in making their agreement and that would now demand specific performance. Froelich v. K.W.W. Holding Co., 201 App. Div. 855, 192 N.Y.S. 925 (App. Div. 1922); Franklin Teleg. Co. v. Harrison, 145 U.S. 459, 12 S.Ct. 900, 36 L.Ed. 776 (1892). No agreement, however skillfully prepared, can ever encompass all possible contingencies. That is why specific performance is an equitable remedy.
The contract and the situation of the parties must be such that the remedy of specific performance will not be harsh or oppressive. Such hardship may result from the situation of the parties unconnected with the terms of the contract, that is, from external facts or events or circumstances which control or affect the defendant's situation. 4 Pomeroy, Equity Jurisprudence (5th ed. 1941), §§ 1400-1410.
Agreements between husband and wife, executed voluntarily and understandingly for the purposes of settling issues of alimony and support, are specifically enforceable but only to the extent that they are just and equitable under the inherent and inherited jurisdiction of the Court of Chancery now exercised by our Superior Court. Schlemm v. Schlemm, 31 N.J. 557 (1960). A hiatus occurred between 1932 (Apfelbaum v. Apfelbaum, 111 N.J. Eq. 529 (E. & A. 1932)) and 1960 (Schlemm v. Schlemm, supra), during which our courts restricted specific performance of these agreements  a course described in Schlemm as "an unnecessary departure from fundamental principles of equitable jurisdictions" (31 N.J. at 581).
Schiff, supra, stressed that a showing of changed circumstances sufficient to warrant modification of a voluntary *202 agreement between spouses must be such as to convince the court that enforcement would be unconscionable. See also, Berkowitz v. Berkowitz, supra; Equitable Life Assur. Soc. of United States v. Huster, 75 N.J. Super. 492 (App. Div. 1962); Flicker v. Chenitz, 55 N.J. Super. 273, 292 (App. Div. 1959), certif. granted, 30 N.J. 152, app. dism. by consent, 30 N.J. 566 (1959); Schluter v. Schluter, 23 N.J. Super. 409 (App. Div. 1952); Johnson v. Hubbell, 10 N.J. Eq. 332, 342 (Ch. 1854); 11 N.J. Practice (Herr, Marriage, Divorce and Separation) (3rd ed. 1963), § 801; Pressler, Current N.J. Court Rules, 720. This Court is so convinced. It may be easy to define substantial change in circumstances and unconscionability but the application of either definition in a given factual situation is often difficult.
On the findings of fact I conclude as a matter of law that terms of the agreement between the parties be revised so as to reduce the allocated sum of $1,000 a month for alimony and support to $35 a week for each child from July 1, 1971. See Tancredi v. Tancredi, 101 N.J. Super. 259 (App. Div. 1968); Liss v. Liss, 19 N.J. Super. 358 (App. Div. 1952); Madden v. Madden, 136 N.J. Eq. 132 (E. & A. 1945); Slep v. Slep, 43 N.J. Super. 538 (Ch. Div. 1957). The duty of support of the children of a marriage devolves on both parents, N.J.S.A. 2A:34-23.