157 N.J. Super. 503 (1978)
385 A.2d 253
MARIE E. HOFF, PLAINTIFF-RESPONDENT,
v.
WARREN L. HOFF, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1978.
Decided March 17, 1978.
*505 Before Judges ALLCORN, MORGAN and HORN.
Mr. Robert F. Butler argued the cause for appellant (Messrs. Tuso, Gruccio, Pepper, Buonadonna, Giovinazzi & Butler, attorneys).
Mr. Kenneth A. Pagliughi argued the cause for respondent (Messrs. Lummis, Moore, Fisher, Pancari & Pagliughi, attorneys).
PER CURIAM.
The parties to this appeal were married in 1945. In 1962 plaintiff wife was awarded a divorce from defendant. The judgment nisi, entered April 30, 1962, directed, among other things, that defendant pay to plaintiff $35 a week for her support and maintenance; $110 a week for the support and maintenance of three children of the marriage whose custody was awarded to plaintiff, and
E: that defendant pay to plaintiff, the sum of Thirty-five ($35.00) Dollars per week, until and including the first day of July, 1974, in compliance with Paragraph 3 of a certain agreement made and entered into between plaintiff and defendant dated December 27, 1961, which agreement was received and marked as an exhibit in this cause, and that defendant will in all other respects comply with and perform the covenants and provisions of said agreement.
"Paragraph 3 of a certain agreement" referred to a separation agreement entered into by the parties on December 27, 1961 wherein Paragraph 3 read:
3. The aforesaid lands and premises conveyed by HUSBAND to WIFE is subject to a mortgage made and delivered by them to The Howard Savings Institution, recorded in the Cumberland County Clerk's Office in Book 495 of Mortgages, Page 134&c., and as of December 1, 1961 there remained unpaid the sum of $11,456.13. HUSBAND has been paying the monthly installments required to be paid to the mortgagee, pursuant to the terms of said mortgage, *506 amounting to $139.63. Said monthly payments include interest, principal and one-twelfth (1/12) of the estimated annual taxes. It is the intention of the parties hereto that HUSBAND pay said mortgage so that WIFE will ultimately become the owner of said property free and clear of the lien of said mortgage, and save wife harmless from the payment thereof, and accordingly, HUSBAND undertakes and agrees to pay to WIFE the sum of $35.00 per week in lieu of said monthly payments on said mortgage. In the event WIFE should sell said property HUSBAND, in such event, undertakes and agrees to pay to WIFE the balance of the principal then remaining on said mortgage in installments of $35.00 per week.
Paragraph 1 of the agreement provided for the payment of $35 a week by defendant for plaintiff's support. There is no question but that the agreement was the product of each party's having "had independent legal advice by counsel of his and her own selection; each fully understands the facts and has been fully informed of their rights and liabilities" and each, it is recited, believed the agreement to be fair, just and reasonable.
In February 1963 an order amending the judgment nisi was entered. The amendment recited defendant's arrearage of $1,155 on the support payments. It reduced the payment of $35 a week for her support to $20. It further reduced the payment of $110 a week for the children's support to $60. However, it specifically provided that paragraph E of the initial judgment nisi "remain as heretofore, the same arising out of a contract between plaintiff and the defendant."
In 1968 the support provisions were again amended to reduce payments of $80 ($20 and $60) a week for the respective support of plaintiff and the children to an aggregate of $60 if defendant elected to permit a son, Warren, to be emancipated. The provisions of paragraph E of the initial judgment nisi were again specifically noted "to remain as heretofore."
On November 21, 1974 plaintiff moved for an order to compel defendant to pay arrearages of sums due to her, pursuant to the terms of the separation agreement, for support *507 and mortgage payments. Defendant then countered with a motion for an order extinguishing the arrearages and modifying his support obligation. For the first time defendant asserted in an affidavit accompanying his motion that it was the understanding of the parties that only one payment of $35 a week was intended for plaintiff's support, i.e., the support payment was to comprehend the mortgage payment of $35 per week.
Following a hearing, the judge denied plaintiff's motion to compel defendant to pay the accumulated support arrearages. He did order, however, that defendant pay the full amount of the mortgage payments, thereby denying defendant's counter-motion to extinguish the mortgage payments. Defendant then appealed from the judgment entered in behalf of plaintiff and against defendant in the amount of $11,456.13, representing the aggregate sum of the payments which defendant had failed to make.
In substance, defendant contends that the trial judge erred in requiring defendant to make payment because the payments were barred by laches and by plaintiff's own conduct. He also reiterates that the intention of the parties on this point when they entered into the separation agreement was that defendant was obligated to make only one weekly $35 payment. This latter argument is suggested by the fact that plaintiff never protested defendant's failure to pay the mortgage payments for approximately 13 years after the making of the separation agreement.
At the outset, we reject defendant's argument as to his understanding of the agreement. The wording of the agreement is not only clearly opposed to such understanding, but, as already noted, as late as 1968 the judge for the second time specifically directed in the order reducing support payments required of defendant that the provisions of Paragraph E of the judgment nisi of 1962 were to remain as theretofore.
Separation agreements, if found to be fair and just, are specifically enforceable in equity. Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971). If a party to such an agreement *508 asserts that changed circumstances dictate a modification of the agreement, the court has the authority to make such modifications as may meet the demands of equity and fairness. Smith v. Smith, 72 N.J. 350, 360 (1977); Tancredi v. Tancredi, 101 N.J. Super. 259 (App. Div. 1968); Slep v. Slep, 43 N.J. Super. 538 (Ch. Div. 1957). Here, however, we are not confronted with any claim that a change of circumstances warrants any modification.
It plainly appears to us that, when the parties bargained with each other in 1961 for what was tantamount to a property settlement, then uncompelled by law,[1] they contemplated that plaintiff would receive the economic security represented by the house in which she would continue to live, ultimately unencumbered by any mortgage. What she surrendered to him in exchange for his agreement to pay the mortgage is not disclosed.
Regardless of whether we call the mortgage payments additional support and maintenance for plaintiff or categorize them, as the parties did, separate and apart from the matter of her support, it was clearly the parties' intention that ultimately plaintiff would own the house clear of any mortgage by defendant's payments for that purpose.
As stated in West Jersey Title, etc., Co. v. Industrial Trust Co., 27 N.J. 144 (1958), of an agreement of husband and wife to join in a deed of conveyance to themselves as joint tenants after the final decree of divorce:
There can be no doubt as to the quality and integrity of the agreement embodied in the decree nisi; it was a property settlement that to all intents and purposes merged in the decree itself, amenable to the equitable remedy of specific performance for the effectuation of the right or other remedial process. The decree established by definitive judicial action the respective estates and interests of the spouses in the lands upon the dissolution of the marriage. "A judgment is a solemn record. Parties have a right to rely upon it. It *509 should not lightly be disturbed, * * *." Fayerweather v. Ritch, 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193 (1904). A judgment is a "security of record"; a suit on a judgment may be nothing more than "the case of an ordinary right of property sought to be enforced." Provident Savings Life Assurance Society v. Ford, 114 U.S. 635, 5 S.Ct. 1104, 29 L.Ed. 261 (1884). A judgment ordinarily establishes the existence of the right; it is an affirmation in regard to the matters submitted to the court for decision; the first and most obvious consequence of a judgment is that it establishes an indisputable obligation and confers upon the successful party the right to issue execution or other process of the court for its enforcement. [at 149-150]
In that case the court said that laches involves more than mere delay. "There must be delay for a length of time which unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party. Hinners v. Banville, 114 N.J. Eq. 348 (E. & A. 1933)." West Jersey Title, etc., Co. v. Industrial Trust Co., supra, 27 N.J. at 153. Here, defendant exhibited no prejudice flowing from the delay. He insists on the defense of laches for the sake of the mere passage of time. Although he asserts that plaintiff should have moved for enforcement of the provision earlier, he fails to explain his own neglect in moving to extinguish the obligation during the same interval or the reason why the judge on two occasions provided for the provisions of paragraph E "to remain as heretofore."
On the other hand, plaintiff's explanation of her failure to attempt to enforce payment over the years is not implausible. She says that she failed to insist on enforcement of payment before because her appearances in court generally resulted in a reduction of support for her or the children.
Considering that the separation agreement provision requiring the payment was stipulated for the purpose of giving to plaintiff some measure of security, under all the circumstances we see no reason here, where there is no contention before us that it would be inequitable or that circumstances have changed, that this provision of the separation agreement should not be enforced.
*510 We do not disagree with the holding of Slep v. Slep, supra, upon which defendant relies, that a matrimonial court retains authority to decline to make orders facilitating the collection of unpaid arrearages for alimony or child support in its sound discretion. But as stated by the court in that case, "In all such matters the court exercises a sound discretion based upon equitable principles." Slep, supra 43 N.J. Super. at 542. It is obvious that the trial judge here detected no equitable basis for intervention. We do not find such a basis to exist, either.
Accordingly, the judgment is affirmed. However, we note that the enforcement of the judgment under all the circumstances remains within the discretion of the trial court. Since plaintiff's economic problems are not shown to be acute, the trial judge may, on application and for good cause shown, afford defendant an opportunity to liquidate the judgment on a reasonable basis.
Affirmed.
NOTES
[1] Our equitable distribution statute became effective September 13, 1971, L. 1971, c. 212, §§ 1, 8; N.J.S.A. 2A:34-1, 23.