**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0472-17T1

ELIZABETH SOWELL-ZAK,

    Plaintiff-Appellant,

v.

GARY ZAK,

    Defendant-Respondent.

_____

             Argued March 6, 2019 – Decided April 8, 2019

             Before Judges Fuentes, Vernoia and Moynihan.

             On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1164-09.

             Elliot S. Solop argued the cause for appellant (Dwyer, Bachman & Newman, LLC, attorneys; Elliot S. Solop, on the briefs).

             Ciro A. Spina argued the cause for respondent (Law Offices of Jef Henninger, attorneys; Jef D. Henninger, on the brief).

PER CURIAM

Plaintiff Elizabeth Sowell-Zak appeals from an August 17, 2017 Family Part order denying her motion for reconsideration of the court's April 13, 2017 order that, in pertinent part, terminated her ex-husband, defendant Gary Zak's, alimony obligation, denied plaintiff's request for $5000 in counsel fees under the parties' 2009 Property Settlement Agreement (PSA), and denied plaintiff's claim for $19,898 plus interest for defendant's alleged failure to pay the remainder of an amount due to plaintiff for her share of the agreed upon equitable distribution of marital assets. We affirm.

I.

Married in 1982, the parties divorced in November 2009. The final judgment of divorce incorporated the PSA, which included February 2009 and October 2009 amendments.

In pertinent part, the PSA required that defendant pay plaintiff $7600 per month in alimony. The PSA provided that defendant's alimony obligation "terminate[d] only in the event of one of the following events: (a) the death of either party; (b) the remarriage of [plaintiff]; (c) [plaintiff] entering into a Civil

Union or Domestic Partnership." The PSA also required that defendant pay plaintiff $5000 for her legal fees for the PSA's preparation.[1]

Prior to the divorce, defendant had an interest in two companies, Global Essence, Inc., and Global Essence UK, Ltd. (jointly Global Essence), that the parties agreed to value at $1 million for equitable distribution purposes. Under the PSA, defendant agreed to pay plaintiff $270,000 for her waiver of any claim to defendant's interest in Global Essence. The sum was to be paid in monthly installments, with a final "balloon payment" of $92,898 due by February 2014.

In 2016, Global Essence terminated defendant's employment after "significant disagreements . . . between [Global Essence's controlling shareholder] and [defendant led] to tension in the company." Defendant, who was sixty-five years old at the time, sued Global Essence and challenged the validity of the termination. Defendant's counsel advised the litigation would last for two to three years.

In 2016, after his employment terminated, defendant filed a post-judgment motion seeking a temporary suspension of his alimony and other support obligations under the PSA, and a plenary hearing to determine if his alimony

---

[1] The PSA also obligates defendant to maintain numerous other types of financial support, including child support and paying plaintiff's E-Z Pass bill, that are not relevant to this appeal.

A-0472-17T1

"[should] be terminated or otherwise reduced due to . . . defendant's retirement and/or loss of income." Defendant filed a case information statement showing assets valued at $21,000.

Plaintiff opposed the motion, but did not supply the court with a case information statement. She also cross-moved for enforcement[2] of defendant's obligation to pay the $5000 counsel fee under the PSA, and claimed defendant owed a $19,898 balance plus interest on the balloon payment due for his buyout of her share of his interest in Global Essence.

The motion court heard oral argument on April 29, 2016, and in a detailed order and written statement of reasons found the termination of defendant's employment with Global Essence and reaching a "good faith" retirement age of sixty-five constituted prima facie evidence of "changed circumstances" sufficient to consider his request to modify or terminate his alimony obligation. See Lepis v. Lepis, 83 N.J. 139, 146 (1980) (requiring a showing of "changed circumstances" to modify or terminate an alimony obligation); see also N.J.S.A. 2A:34-23(j)(3).

---

[2] Plaintiff moved to enforce other provisions in the PSA. The court's disposition of those portions of the motion is not challenged on appeal.

Based on the record presented at the time, the court also concluded it could not determine whether termination or modification of defendant's alimony obligation was appropriate because "[t]here [were] genuine and substantial issues of material facts" relevant to its consideration of the statutory factors for termination or modification of alimony under N.J.S.A. 2A:34-23(j)(3). For example, the motion court found it was "unable to adequately assess . . . [p]laintiff's ability to adequately save for retirement without knowledge of Social Security income or Case Information Statements as required by [N.J.S.A. 2A:34-23]," at least in part because plaintiff had not filed a case information statement. In addition, the parties argued that the uncertainty concerning defendant's litigation with Global Essence and the fact defendant anticipated the litigation would last several years required a plenary hearing or economic mediation. The parties agreed to engage in mediation to resolve their outstanding disputes.

The parties' mediation occurred in October 2016, but was not successful on the issue of defendant's alimony obligation. However, several days after the mediation concluded, defendant settled his litigation with Global Essence. The company agreed to pay defendant one year's severance pay in the amount of $350,000. Global Essence agreed to buy out defendant's ownership interest for

5

a sum payable at the rate of $87,000 per year for ten years. Defendant began receiving his severance pay in November 2017.

The court scheduled a settlement conference, and the parties submitted supplemental certifications asserting facts relevant to their outstanding claims. The court heard oral argument on the date of the conference, and subsequently entered an April 13, 2017 order and comprehensive statement of reasons supporting its decision granting defendant's motion to terminate his alimony obligation. The motion court found that, based on the record then before it, "a plenary hearing [was] not necessary" because of "the presence of material undisputed facts which did not exist at the time of the initial motion," including defendant's settlement with Global Essence and his receipt of one year's severance pay. The motion court explained that, had such information been before it when the original application was made, it "would have affected [the court's] decision at the time of original motion." The court noted that a plenary hearing is required only where there is a genuine issue of material fact, and the parties' initial and supplemental certifications revealed no disputes of fact precluding a determination of defendant's motion to modify or terminate his alimony obligation.

A-0472-17T1

The motion court analyzed the record presented under N.J.S.A. 2A:34-23(j)(3), which applies when "a retirement application is filed in cases in which there is an existing final alimony [o]rder or enforceable written agreement established prior to the effective date of [September 2014]." The statute lists eight factors for courts to consider:

> (a) The age and health of the parties at the time of the application;
>
> (b) The obligor's field of employment and the generally accepted age of retirement for those in that field;
>
> (c) The age when the obligor becomes eligible for retirement at the obligor's place of employment, including mandatory retirement dates or the dates upon which continued employment would no longer increase retirement benefits;
>
> (d) The obligor's motives in retiring, including any pressures to retire applied by the obligor's employer or incentive plans offered by the obligor's employer;
>
> (e) The reasonable expectations of the parties regarding retirement during the marriage or civil union and at the time of the divorce or dissolution;
>
> (f) The ability of the obligor to maintain support payments following retirement, including whether the obligor will continue to be employed part-time or work reduced hours;
>
> (g) The obligee's level of financial independence and the financial impact of the obligor's retirement upon the obligee; and

A-0472-17T1

(h) Any other relevant factors affecting the parties' respective financial positions.

[N.J.S.A. 2A:34-23(j)(3).]

The motion court made findings as to each factor, and concluded defendant's alimony obligation under the PSA continued during the one-year period he received severance pay from Global Essence. Thus, the court ordered that defendant continue to pay alimony during 2017.

Based on its analysis of the N.J.S.A. 2A:34-23(j)(3) factors, the court further determined the undisputed facts presented in the parties' original and supplemental certifications, and the "limited testimony" of defendant presented during the oral argument, established defendant "met his burden of proof that alimony should terminate as he ha[d] reached the retirement age of" sixty-six. The court did not consider defendant's receipt of the $87,000 per year defendant was to receive from Global Essence because, as part of the equitable distribution of property under the PSA, plaintiff had already been paid $270,000 for her share of defendant's interest in Global Essence. The court further noted defendant paid plaintiff over $600,000 in alimony during the seven years following entry of the judgment of divorce, but plaintiff failed to present any evidence explaining "why she was unable to save any amount over the years or that she was incapable of finding any work." The court explained that defendant

8

retired at full retirement age, there is no evidence he will continue any employment, his income following his receipt of the one year of severance is limited to Social Security benefits and he does not have the financial ability to continue to pay alimony. Thus, the court terminated defendant's alimony obligation.

The court also denied plaintiff's request for enforcement of the PSA provision requiring that defendant pay $5000 for plaintiff's attorneys' fees, finding the claim barred by the doctrine of laches because plaintiff waited seven years following the 2009 final judgment of divorce to request enforcement of the obligation. The court also rejected plaintiff's claim for $19,898 plus interest based on defendant's alleged failure to make full payment of the balloon payment under the PSA. The court found the evidence showed plaintiff "accepted payment related to the balloon payment" and plaintiff failed to present evidence establishing defendant failed to make full payment of the amount due.

Plaintiff filed a motion for reconsideration. In a detailed order and written statement of reasons, the court summarized the standard for reconsideration under Rule 4:49-2, see Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996), and rejected plaintiff's request that it reconsider its decision to terminate defendant's alimony obligation without an evidentiary hearing.

Plaintiff argued the court applied the incorrect legal standard in assessing defendant's modification and termination motion. The court, however, explained that it properly applied the factors under N.J.S.A. 2A:34-23(j)(3) because defendant sought modification or termination of an alimony obligation in a judgment of divorce entered prior to the statute's effective date. See Landers v. Landers, 444 N.J. Super. 315, 324-25 (App. Div. 2016) (finding N.J.S.A. 2A:34-23(j)(3) governs the analysis of motions for modification or termination of alimony based on a retirement where the alimony order is established prior to the effective date of the statute, September 10, 2014). The court also did not reconsider its decision to sua sponte issue the termination order without an evidentiary hearing because the record presented when it decided the motion was devoid of evidence establishing a dispute as to any material facts.

The court also found no basis to reconsider its denial of plaintiff's request for an award of the $5000 counsel fee provided for in the PSA. The court reiterated that plaintiff waited seven years to assert the claim and defendant certified that he had fully paid the fee but had not maintained records concerning the payment. The court explained that it had determined the claim was barred by the doctrine of laches because plaintiff waited too long to assert the claim, "provide[d] no specific reason for her delay," and it would be inequitable to

10

compel defendant to make the payment where his ability to prove he previously made the payment is compromised by plaintiff's delay.

The court similarly declined to reconsider its decision regarding plaintiff's entitlement to the alleged amount due for the balloon payment. The court explained that the record showed plaintiff "accepted payment related to the balloon payment" and "failed to articulate exactly what she claimed." Thus, the court found no basis to reconsider its determination that plaintiff failed to present evidence showing defendant did not satisfy his balloon payment obligation.

The court entered an August 17, 2017 order denying plaintiff's reconsideration motion. This appeal followed.

Plaintiff presents the following arguments for our consideration:

> POINT I
>
> THE LANGUAGE OF THE PARTIES' PROPERTY SETTLEMENT AGREEMENT CONTEMPLATES THAT ALIMONY WAS TO TERMINATE ONLY IN THE EVENT OF DEATH, REMARRIAGE OF THE WIFE, OR THE WIFE ENTERING INTO A CIVIL UNION OR DOMESTIC PARTNERSHIP
>
> POINT II
>
> THE TRIAL COURT ERRED IN FINDING A CHANGE IN CIRCUMSTANCES AS TO THE

DEFENDANT/RESPONDENT'S POST-JUDGMENT APPLICATION

POINT III

THE TRIAL COURT ERRED IN ITS APPLICATION OF THE AMENDED ALIMONY STATUTE DELINEATED UNDER N.J.S.A. 2A:34-23

POINT IV

THE TRIAL COURT ERRED IN FAILING TO CONDUCT A PLENARY HEARING AS TO THE CONSTRUCTION OF THE PARTIES' PROPERTY SETTLEMENT AND AS TO DEFENDANT/RESPONDENT'S ALIMONY AND SUPPORT OBLIGATIONS

POINT V

THE TRIAL COURT MISAPPLIED THE DOCTRINE OF LACHES TO OBLIGATIONS SET FORTH IN THE PARTIES' PSA

II.

We first observe that plaintiff appeals only the court's August 17, 2017 order denying her reconsideration motion. Her notice of appeal lists only that order, and makes no reference to the court's initial April 29, 2016 order or its April 13, 2017 order granting defendant's motion to terminate his alimony obligation and denying plaintiff's motion to compel payment of the claimed $5000 counsel fee and the alleged $19,898 balance on the balloon payment.

A-0472-17T1

"[I]t is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2002) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 6 on R. 2:5-1(f)(3)(I) (2002)). However, "[w]e are mindful of the fact that in some cases a motion for reconsideration may implicate the substantive issues in the case," and "an appeal solely from . . . the denial of reconsideration may be sufficient for an appellate review of the merits of the case." Id. at 461. Here, to the extent plaintiff's motion for reconsideration was based on the argument that the court's rulings were based upon a palpably incorrect or irrational basis, see D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990), the substantive issues presented to the court on the parties' original motions and plaintiff's motion for reconsideration are sufficiently the same to warrant our review of the merits of both, Fusco, 349 N.J. Super. at 462.

Our scope of review of Family Part orders is limited, as we accord deference to the family courts due to their "special jurisdiction and expertise" in family law matters. Cesare v. Cesare, 154 N.J. 394, 413 (1998). Therefore, the judge's findings are binding so long as its determinations are "supported by adequate, substantial, credible evidence." Id. at 412. A "[motion] judge's legal

conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

Plaintiff first argues the motion court erred as a matter of law by terminating defendant's alimony because the PSA provided for "permanent alimony" and allowed for termination of alimony only upon either party's death or plaintiff's remarriage or entry into a domestic partnership or civil union. Plaintiff contends the PSA therefore prohibited the termination of alimony based on defendant's retirement. Plaintiff did not make the argument prior to the court's April 13, 2017 order terminating defendant's alimony obligation. Instead, she first asserted the argument on her motion for reconsideration.

Our standard of review on a motion for reconsideration is deferential. "Motions for reconsideration are governed by Rule 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi

v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). "[A] motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015). It "does not provide the litigant with an opportunity to raise new legal issues that were not presented to the court in the underlying motion." Ibid. Thus, here, the court did not abuse its discretion by rejecting plaintiff's argument, raised for the first time on her reconsideration motion, that the PSA barred defendant's application for modification or termination of his alimony obligation.

Moreover, plaintiff's claim that the PSA barred defendant's modification or termination motion is without merit. It is well-established that modification or termination of an alimony obligation is permitted upon a showing of changed circumstances which render the agreed upon terms no longer "fair and equitable." Lepis, 83 N.J. at 148; see also N.J.S.A. 2A:34-23 (providing that alimony orders "may be revised and altered by the court from time to time as circumstances may require"). In addition, the PSA does not include an "anti-Lepis provision" barring modification or termination of defendant's alimony obligations as otherwise allowed by law upon a showing of changed circumstances. See, e.g., Morris v. Morris, 263 N.J. Super. 237, 240-43 (App.

15

Div. 1993) (enforcing an "anti-Lepis provision"[3] which expressly barred application of the Lepis standard to requests for modifications of alimony obligation). Where, as here, the PSA does not include an anti-Lepis provision, we discern no basis to bar defendant's entitlement to a modification of his alimony obligation upon his showing that due to the termination of his employment and retirement at full retirement age, there were changed circumstances rendering his alimony obligation neither fair nor equitable.

Plaintiff next argues the court erred by failing to hold a plenary hearing before ordering the termination of defendant's alimony obligation. We are not persuaded.

"A hearing is not required or warranted in every contested proceeding for the modification of a judgment or order relating to alimony." Murphy v. Murphy, 313 N.J. Super. 575, 580 (App. Div. 1998); see also Lepis, 83 N.J. at 159  (holding "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary," and explaining that "[w]ithout such a standard, courts would be obligated to hold hearings on every

---

[3] In Morris, the parties' property settlement agreement included the following language, which we characterized as an "anti-Lepis provision: The parties hereby waive their rights for modification based upon changed circumstances as set forth in the case of Lepis v. Lepis, 83 N.J. 139 (1980)." Morris, 263 N.J. Super. at 240.

modification application").  A plenary hearing should be ordered "only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful." Murphy, 313 N.J. Super. at 580 (quoting Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)).  A material factual dispute is one that "bear[s] directly on the legal conclusions required to be made and [such] disputes can only be resolved through a plenary hearing."  Spangenberg, 442 N.J. Super. at 540-41.

The court has the power "to hear and decide motions . . . exclusively upon affidavits."  Shaw, 138 N.J. Super. at 440.  However, "[i]t is only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful in deciding such factual issues, that a plenary hearing is required."  Ibid.  "[W]here the need for a plenary hearing is not so obvious, the threshold issue is whether the movant has made a prima facie showing that a plenary hearing is necessary."  Hand v. Hand, 391 N.J. Super. 102, 106 (App. Div. 2007).  We review a court's decision whether a plenary hearing is required for an abuse of discretion.  Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).

We discern no abuse of discretion in the court's decision to sua sponte decide defendant's motion for modification or termination of his alimony

obligation without a plenary hearing. Based on the court's review of the supplemental certifications of the parties following the mediation and defendant's settlement of the litigation against Global Essence, it concluded there were no disputed facts relevant to its resolution of defendant's motion. Plaintiff argues there are disputed fact issues that require a plenary hearing but does not identify any competent evidence demonstrating an extant dispute as to a material fact. The arguments of counsel in a brief are insufficient to establish fact issues requiring a plenary hearing, see, e.g., Celino v. Gen. Accident Ins., 211 N.J. Super. 538, 544 (App. Div. 1986) ("The function of the brief is a written presentation of legal argument. Facts intended to be relied on which do not already appear of record and which are not judicially noticeable are required to be submitted to the court by way of affidavit or testimony."), and the evidence before the court did not reveal any issues of fact essential to the court's disposition of defendant's motion. Thus, plaintiff failed to demonstrate that a plenary hearing was necessary. See Hand, 391 N.J. Super. at 106 ("[W]here the need for a plenary hearing is not . . . obvious, the threshold issue is whether the movant has made a prima facie showing that a plenary hearing is necessary.").

We also find no merit in plaintiff's claim that the court applied the incorrect legal standard in determining whether defendant's alimony obligation

should have been modified or terminated due to his retirement. Contrary to plaintiff's assertions, the court properly analyzed defendant's motion under N.J.S.A. 2A:34-23(j)(3). The statute applies where "a retirement application is filed in cases in which there is an existing final alimony order or enforceable written agreement established prior to the effective date of [September 10, 2014]." N.J.S.A. 2A:34-23(j)(3). Those circumstances are present here: the parties' judgment of divorce, which incorporated the PSA, was entered in November 2009. See Landers, 444 N.J. Super. at 323-24 (holding N.J.S.A. 2A:34-23(j)(3) applies when an alimony obligor retires and moves for modification or termination of the alimony obligation established prior to September 2014).

In addition, the court carefully applied N.J.S.A. 2A:34-23(j)(3)'s eight factors, and its findings appear well supported by the record.[4] Contrary to

---

[4] Plaintiff did not include her case information statement in the record on appeal. "A party on appeal is obliged to provide the court with 'such other parts of the record . . . as are essential to the proper considerations of the issues.'" Soc'y Hill Condo. Ass'n, Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002) (quoting R. 2:6-1(a)(1)(H)), and this court is not "obliged to attempt review of an issue when the relevant portions of the record are not included," Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, PC, 381 N.J. Super. 119, 127 (App. Div. 2005). Our analysis of plaintiff's arguments, at least in part, is therefore necessarily confined to our review of the court's findings under N.J.S.A. 2A:34-23(j)(3).

A-0472-17T1

plaintiff's contention, it was not error for the court to focus on the amount of alimony plaintiff received prior to defendant's motion. The statute requires consideration of "the ability of the obligee to have saved adequately for retirement," N.J.S.A. 2A:34-23(j)(3), as well as "[t]he obligee's level of financial independence and the financial impact of the obligor's retirement upon the obligee," N.J.S.A. 2A:34-23(j)(3)(g). The court conducted the requisite analysis here.

The court also correctly declined to consider defendant's anticipated receipt of payments from Global Essence for his interest in the companies in assessing his ability to pay alimony following his retirement. N.J.S.A. 2A:34-23(j)(4) provides that "assets distributed between the parties at the time of the entry of a final order of divorce or dissolution of a civil union shall not be considered by the court for purposes of determining the obligor's ability to pay alimony following retirement." As part of the equitable distribution of the property in the judgment of divorce, plaintiff had been paid for her share of defendant's interest in Global Essence, and therefore the court was precluded from considering defendant's payment for his interest in Global Essence in its determination of defendant's ability to pay following his retirement. Ibid.

20

We also find no error in the motion court's application of laches to deny plaintiff's claim to $5000 in counsel fees. Laches is an equitable principle that bars litigants from asserting claims where their delay in so doing causes the answering party to be prejudiced by said delay. See Gladden v. Pub. Emp. Ret. Sys. Tr. Bd., 171 N.J. Super. 363, 370-71 (App. Div. 1979). Laches "involves more than mere delay, mere lapse of time. There must be delay for a length of time which, unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party." Nw. Covenant Med. Ctr. v. Fishman, 167 N.J. 123, 140 (2001) (quoting W. Jersey Title & Guar. Co. v. Indus. Tr. Co., 27 N.J. 144, 153 (1958)); see also Lavin v. Bd. of Educ. of Hackensack, 90 N.J. 145, 152-53 (1982) (discussing the factors courts must consider when determining if laches applies).

Plaintiff failed to assert her claim for the $5000 counsel fee for seven years, and defendant certified he paid plaintiff the $5000 but no longer had the documentation confirming the payment. Plaintiff offered no explanation for her delay in asserting the claim and the record otherwise supports the court's finding that defendant was prejudiced by the delay. See Hoff v. Hoff, 157 N.J. Super. 503, 509 (App. Div. 1978) (holding laches did not apply where movant failed to

21

show prejudice). We therefore discern no basis to reverse the court's determination.

We also find no error in the court's rejection of plaintiff's claim for enforcement of defendant's obligation to make the balloon payment. The record before the court supports its finding that plaintiff accepted a final balloon payment from defendant, plaintiff did not present evidence disputing that fact, and plaintiff did not present competent evidence showing she was entitled to additional sums for the balloon payment. The court's determination is substantially supported by the record evidence, and we therefore discern no basis to disturb it. Gnall v. Gnall, 222 N.J. 414, 428 (2015).

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION