694 A.2d 592

ARTHUR J. STAMBERG, PLAINTIFF–APPELLANT, v. MARILYN
STAMBERG, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 16, 1997—Decided June 11, 1997.

Before Judges LONG, SKILLMAN and A.A. RODRÍGUEZ.

*Jeffrey P. Weinstein* argued the cause for appellant (*Weinstein & Penza*, attorneys; *Mr. Weinstein*, of counsel, and *Rachel Zakarin*, on the brief).

*Caroline A. Levine* argued the cause for respondent.

LONG, P.J.A.D.

After a 22 year marriage and two children, plaintiff, Arthur Stamberg, and defendant, Marilyn Stamberg, were divorced in 1983. The final judgment provided, among other things, that Mr. Stamberg would pay Mrs. Stamberg $450 per week in alimony. In 1995, Mr. Stamberg moved for termination of his alimony obligations. In support of his motion, he claimed that in 1994 he earned $156,000 per year but that since that time he had suffered reverses in both his health and his financial circumstances. More

particularly, he stated that in 1995 he was diagnosed with an inflammatory neurological disease called mononeuritis multiplex. As a result, Mr. Stamberg claims that he is completely disabled and cannot stand for "any appreciable period of time." He can only walk with "assistance due to his constant pain, nerve damage, and muscle weakness." His doctors indicate that the "[d]uration of this disability is indefinite and he is unable to work. Prognosis is uncertain at this stage." As a result of his medical condition and his employer's financial problems, Mr. Stamberg's employment was terminated in September, 1995. He did not receive any severance pay.

According to his certifications, Mr. Stamberg continued making his support payments by borrowing against a home equity loan on the home he shared with his new wife. He applied for disability benefits from Social Security as well as private disability benefits owed to him under an insurance policy from Provident Life and Accident Insurance Co. which he purchased after his divorce. According to Mr. Stamberg's reply certification, he now receives $14,880 per year in Social Security benefits, $45,120 in private disability insurance benefits and $27,600 pension, totalling approximately $87,000 annual income. The private disability benefits will end in three years.

In opposition to Mr. Stamberg's motion, Mrs. Stamberg filed a notice of cross-motion to enforce litigants' rights seeking the following relief: (1) discovery relating to Mr. Stamberg's finances, (2) payment of alimony arrears, and (3) counsel fees and costs. In support of her motion, Mrs. Stamberg noted that the alimony award was based on Mr. Stamberg's earnings in 1982 or 1983 of $99,000 per year and that, in any event, Mr. Stamberg's present income is greater than the conceded $87,000, which does not include distributions from IRA accounts worth almost $500,000 held for Mr. Stamberg by Putnam & Lord Abbot. In response, Mr. Stamberg did not deny receiving IRA income but certified that his IRAs had been subject to equitable distribution and thus did not constitute a legitimate alimony base. In addition, he

claimed that Mrs. Stamberg had, since the divorce, received "a substantial inheritance from her deceased parents." Mrs. Stamberg did not deny receipt of such inheritance.

In December, 1995, the trial judge reserved decision on Mr. Stamberg's request for termination of alimony pending a plenary hearing. The judge also granted Mrs. Stamberg's request for payment of alimony arrears and for certain discovery. As the discovery deadline approached, Mr. Stamberg requested a conference with the trial judge to resolve his former wife's refusal to participate in discovery of her financial affairs. In a February, 1996 letter opinion following a phone conference, the judge concluded that Mrs. Stamberg was not required to produce evidence of her financial affairs because Mr. Stamberg had not yet made a *prima facie* showing of his changed circumstances. The letter stated:

> The issue before this Court is whether Mrs. Stamberg should be required to produce the financial information requested by Mr. Stamberg. Under *Lepis v. Lepis,* 83 N.J. 139, 416 A.2d 45 (1980), a party requesting modification of his support obligation must make a *prima facie* showing of changed circumstances before the supported party is required to produce financial information. At first glance, Mr. Stamberg's present level of income appears to be almost the same as his level of income when his alimony obligation was established. Since there presently is no showing of changed circumstances, Mrs. Stamberg is not required to come forward with discovery.

Discovery of Mr. Stamberg's financial information was extended and a plenary hearing was scheduled to determine whether he had suffered a change of circumstances warranting a modification of his alimony obligations.

Shortly before the scheduled hearing date, Mr. Stamberg requested, by letter in lieu of subpoena, that his former wife produce various financial documents at the hearing. Mrs. Stamberg filed a motion on short notice to quash the subpoena based on the judge's earlier letter opinion. Meanwhile, the plenary hearing was adjourned due to the reassignment of the original trial judge to another county. Mr. Stamberg then cross-moved, seeking: (1) the scheduling of a new plenary hearing date; (2) suspension of his

alimony obligations pending the plenary hearing; (3) discovery of his former wife's finances; and (4) costs and attorneys fees.

A new trial judge was then assigned to the case. On May 6, 1996, he informed the parties that he would reconsider the prior order for a plenary hearing in light of the statement in the prior judge's letter opinion that Mr. Stamberg had not yet made a *prima facie* showing of changed circumstances. The judge informed the parties that, pending his decision, there would be no plenary hearing on the scheduled date. Instead, he indicated that he would hear oral argument on the need for a plenary hearing as well as on the pending motion and cross-motion.

At the oral argument, the parties disputed Mr. Stamberg's income. Mrs. Stamberg claimed that it was actually about $116,-000 if the IRA income was included. Again, Mr. Stamberg did not deny receipt of the IRA payments but he did not reveal the amount of those payments. He also argued that they were not includable in calculating his income because they had been part of equitable distribution. Likewise, he argued that the $87,000 he was conceding for the purpose of the motion actually included his pension which previously had been the subject of equitable distribution. Mrs. Stamberg countered that, even at the $87,000 figure, Mr. Stamberg did not establish a change in his circumstances within the meaning of *Lepis v. Lepis*, 83 *N.J.* 139, 416 *A.*2d 45 (1980). After the argument, among other things, the judge denied Mr. Stamberg's application for termination of his alimony obligation and denied discovery of Mrs. Stamberg's finances.

Mr. Stamberg appeals, contending that the trial judge erred in denying him a modification of his alimony obligation based on changed circumstances and that, at the very least, he presented a genuine issue of material fact warranting a plenary hearing. We agree that the trial judge erred but not for the reasons advanced by Mr. Stamberg. We thus reverse.

█ In ruling as he did, the trial judge stated

Mr. Stamberg earned $99,000 in 1982, the year immediately preceding the divorce. It is assumed without more being provided that that was the baseline

upon which the support figure arose. Discovery reveals that Mr. Stamberg is currently receiving, at the very least, $87,000 a year or, as Mrs. Stamberg argues based upon her view of the discovery, that it is more like $116,000 per year. Mr. Stamberg suggests the 87,000 dollar figure, but admits that that does not include pension payments he receives on a pension.[1] To segregate that pension from the picture, he refers the Court to *Innes v. Innes,* 117 *N.J.* 496, 569 *A.*2d 770 (1990). But he also acknowledges that this pension was not divided by way of equitable distribution, plus his *Innes* argument is not well taken.

Admittedly, it is not perfectly clear as to what Mr. Stamberg is presently receiving by way of income from all sources, but the Court should not now have a hearing on this dispute as to his income. It was before the plenary hearing should have been ordered, Mr. Stamberg's burden to demonstrate that his illness has substantially impaired his ability to support himself. He has, in this Court's view, never made such a showing and should not have the benefit of the prior, with all due respect, erroneous order which allowed for a plenary hearing. His case information statement does not fully reflect his passive income; and until he does make such a showing, under oath, this Court should not devote any of its scarce judicial resources based solely upon his claim of $87,000 per year in passive income, which only comes to the Court by way of the oral representations of his counsel.

In light of the above, the request for a plenary hearing—for the scheduling of the plenary hearing previously ordered is denied. The prior order which ordered a plenary hearing is vacated. The request for discovery from Mrs. Stamberg is denied, and the request for a modification of the support obligations is denied without prejudice. *This means that Mr. Stamberg may, again, obviously, move for modification, but that motion should be supported by a full and complete case information statement which presents what his earlier case information never did—what his earlier case information statement never did, his current income from all sources.*

[Emphasis added.]

The only fair reading of this decision reveals that, as to Mr. Stamberg's claim that his own income was reduced, it was not a disposition on the merits. The judge declined to rule on that aspect of Mr. Stamberg's motion because Mr. Stamberg concededly had failed to provide a full statement of his current income from all sources. The judge specifically left the door open for Mr. Stamberg to renew his motion supported by full disclosure. We affirm this decision as supported by the evidence of record and as well within the judge's discretion.

---

[1] This was actually a reference to the IRA payments. A review of the argument reveals that the judge understood this.

■ However, the trial judge erred in failing to address Mr. Stamberg's claims of changed circumstances based on an enhancement in his former wife's income via her inheritance. *Lepis* holds that spousal support agreements are always subject to modification upon a showing of "changed circumstances." *Id.* at 146, 416 *A.*2d 45. The moving party has the burden of establishing a *prima facie* case of changed circumstances before discovery of the opposing spouse's finances will be ordered. *Id.* at 157, 416 *A.*2d 45. Whether or not a party has experienced changed circumstances derives from a comparison of the parties' economic life during the marriage with the present economic conditions. In assessing whether a change has occurred in a case involving an economically dependent spouse, the considerations are "the dependent spouse's needs, that spouse's ability to contribute to the fulfillment of those needs, and the supporting spouse's ability to maintain the dependent spouse at the former standard." *Id.* at 152, 416 *A.*2d 45. A change in circumstances warranting modification of support may thus result from an alteration in the fortunes of either party. *Aronson v. Aronson,* 245 *N.J.Super.* 354, 364, 585 *A.*2d 956 (App.Div.1991).

■ *Lepis* does not stand for the proposition that a *prima facie* showing of changed circumstances by an applicant must relate solely to his or her own finances. While it is probably fair to say that this is the way most cases are presented because litigants are more fully aware of their own finances than of those of the opposing party, under *Lepis,* a payor spouse is as much entitled to a reconsideration of alimony where there has been a significant change for the better in the circumstances of the dependent spouse as where there has been a significant change for the worse in the payor's own circumstances. *Aronson, supra,* 245 *N.J.Super.* at 364, 585 *A.*2d 956. Likewise, a movant may make a *prima facie* showing of changed circumstances under *Lepis* by citing a combination of changes on the part of both parties which together have altered the status quo which existed at the time of the entry of the support order under review.

Here, both judges apparently believed that Mr. Stamberg, as the moving party, was obligated to establish a *prima facie* change in circumstances based only on *his own* financial picture before any inquiry into Mrs. Stamberg's finances could be ordered. This would certainly be the case if Mr. Stamberg's application was based solely on a reduction in his own income. It is not the case, however, where, as here, Mr. Stamberg based his application on both a decrease in his own income and an improvement in Mrs. Stamberg's financial picture. In these circumstances, Mr. Stamberg was only required to prove *prima facie* either that Mrs. Stamberg's receipt of a substantial inheritance, standing alone, or the combination of the changes in his finances for the worse and his former wife's for the better constituted a change of circumstances within the meaning of *Lepis*. In short, the judge erred in effectively ending the inquiry with Mr. Stamberg's income.

To be sure, Mr. Stamberg's conclusory allegation as to his former wife's inheritance was a rather thin reed on which to hang a *Lepis* motion. This was easily remedied. When the trial judge sent Mr. Stamberg back to perfect his motion as to his own finances by full disclosure, he should have directed Mr. Stamberg to outline the source of his allegation as to his former wife's substantial inheritance. This does not mean that Mr. Stamberg would have to produce the details of a will or trust agreement or evidence of the receipt of a specific amount of money. That evidence is peculiarly within Mrs. Stamberg's ken. Mr. Stamberg need only outline the basis of his allegation in general terms by certifying as to actual access he might have had to his in-law's finances during the marriage; providing circumstantial evidence of the size of their holdings, for example, gifts and life style; or producing evidence from any other source as to the inheritance. Naturally he must also attest that his in-laws are deceased. Once he does this, Mrs. Stamberg should respond solely on the issue of the inheritance to clarify its existence and form. If the judge finds that this evidence, together with such other evidence as the parties may present, establishes *prima facie* that a change in circumstances has occurred, then he may proceed under *Lepis* to

order full discovery of Mrs. Stamberg's finances, including an updated case information statement. Thereafter, the judge may determine whether a plenary hearing is necessary.

 This scenario is fully harmonious with *Lepis,* as it has heretofore been interpreted. *Lepis, supra,* 83 *N.J.* at 157, 416 *A.*2d 45. Requiring Mrs. Stamberg to verify or deny receipt of a substantial inheritance is not full disclosure of her finances but only the provision of limited discovery in the interests of justice. *Walles v. Walles,* 295 *N.J.Super.* 498, 518–19, 685 *A.*2d 508 (1996). The facts in this case make it unnecessary for us to grapple with the broader issue of whether and under what circumstances *Lepis* would allow the entry of an order requiring the regular exchange of updated financial information by parties to a matrimonial action in the ordinary course of events.

The judgment under review is reversed and the matter is remanded for proceedings consonant with this opinion.