**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4580-19

EVA E. ROSEN,

     Plaintiff-Respondent,

v.

STEVEN R. ROSEN,

     Defendant-Appellant.

_____

     Submitted October 25, 2021 – Decided November 18, 2021

     Before Judges Accurso and Enright.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-1124-11.

     Steven R. Rosen, appellant pro se.

     Eva E. Rosen, respondent pro se.

PER CURIAM

     In this post-judgment matrimonial matter, defendant Steven R. Rosen appeals from the August 7, 2020 order granting his request for a modification of

alimony for the limited period of August 1 to December 31, 2020. Because the trial court did not explain why it confined the temporary reduction in support to a five-month period and it did not compel plaintiff to file an updated case information statement (CIS) after finding defendant demonstrated a substantial change in his circumstances, we vacate that portion of the August 7 order restricting defendant's alimony adjustment to five months, and remand for further proceedings.

Plaintiff Eva E. Rosen and defendant were married in 1994 and divorced in 2013. The parties share a teenage son together. Pursuant to the marital settlement agreement (MSA) incorporated into the parties' judgment of divorce (JOD), defendant agreed to pay $2,000 per month in limited duration alimony plus $1,000 per month in child support. His support payments were based on him grossing $120,000 per year and plaintiff grossing $60,000 per year. The MSA also provided alimony would cease on June 30, 2024, or sooner, if plaintiff died or remarried, and that alimony could be modified in the event of a change in circumstances.

2

On June 18, 2020,[1] defendant moved to modify his support obligations based on an alleged decrease in his earnings and a decline in his overall financial circumstances. He certified he was sixty-two years old, and a "Type [One] [D]iabetic with no assets[,] having depleted all [his] savings . . . to meet [his] obligations under the [MSA]." He further claimed that after the divorce, he worked as a placement consultant for Financial Search Corporation (FSC) and shared equally in the net proceeds of the business, but "[t]he general business of executive placement in the financial industry . . . declined over the past few years and [FSC]" suffered "a dramatic decline in revenues." In 2016, FSC modified its arrangement with defendant to halve the compensation he previously received for jobs he placed.

Defendant represented that because his compensation structure was altered, he only grossed $6,878 in 2017, $0 in 2018, and $15,300 in 2019. Given the diminished earnings he received from his executive recruitment position, in February 2020, defendant pursued employment with a BMW dealership in Flemington. He was hired as a car salesman but due to the Covid-19 pandemic, he was furloughed the following month. Defendant returned to the dealership

---

[1] Defendant states he filed his motion on June 17, 2020, but his initial certification in support of his motion is dated June 18, 2020.

in May 2020, yet was afforded only part-time hours. He was paid a base salary of $200 per week, plus commissions on cars he sold. Additionally, he received health insurance coverage, a benefit he lacked at his previous job.

According to defendant, because he could not afford health insurance premiums without a contribution from his prior employer, he incurred over $200,000 in medical expenses due to "[his] diabetes treatment and a hospital stay in 2018." Additionally, he liquidated his TIAA-CREF retirement account to fund his support payments through July 2019. Defendant stated that thereafter, he "had no income nor assets to tap to make payments." He also certified he faced eviction due to owing back rent of over $32,000, and that he intended to file for personal bankruptcy because his debts exceeded $280,000.

Given his dismal earnings and his request for a modification of alimony, defendant asked the court to consider the likelihood plaintiff earned more than he did. He stated she had a college degree and had worked at Princeton University for over twenty years. He also noted plaintiff had never satisfied a judgment she owed him totaling $8,149, but he was "willing to forego the $8,149 judgment in settlement for the [support] arrears."

In response, plaintiff certified she did "not object to a temporary modification of alimony payment[s]" but stated "the monthly child support . . .

must be paid . . . . Regular payments should resume in a timely manner and all arrears must be satisfied." Plaintiff acknowledged defendant is diabetic, but certified he was "using [his medical condition] as an excuse to garner sympathy from the court . . . [as h]is diabetes ha[d] not stop[ped] him from taking multiple vacations . . . and participating in dangerous sports." She further asserted defendant failed to show a "'dramatic decline' in revenues" and that his former business partner complained defendant "was not pulling his weight[,]" at his prior place of employment. Plaintiff also questioned why defendant could not take on a second job, or stop renting an expensive three-story townhouse at the rate of $2,950 per month since she believed he lived with his girlfriend. She further alleged his personal tax returns reflected "minimal income as a smoke screen and a deliberate effort to mislead the court[,]" and that he used his sole ownership of his business, Princeton Commodity Investors (PCI), to pay his personal expenses. She contended that income from FSC and other payees was deposited into defendant's PCI account so he should be compelled to turn over the tax returns from PCI.

Plaintiff also certified she had taken out several loans and worked a second job at Penn Medicine to supplement her income from her full-time job at Princeton University because defendant was behind in his support payments.

5

Further, she noted that while she held a bachelor's degree, defendant held a master's degree and had a higher earning potential than she did. She contended she showed greater earnings on her tax returns than defendant because he "ha[d] always been the great Houdini when it comes to hiding money and falsifying financial documents." Finally, she claimed that in exchange for her not seeking his arrest for failing to pay timely support, defendant had orally agreed to relieve her from satisfying the judgment he held against her.

In response, defendant denied he was living with his girlfriend or was hiding income. Further, he provided his tax returns for PCI and claimed the income set forth on those returns was consistent with what was reported on his personal tax returns. Moreover, he estimated he would earn approximately $35,000 in 2020.

On August 7, 2020, the judge heard argument on defendant's application. After defendant renewed his request for relief from his support obligations, plaintiff reiterated she was "not averse to a temporary adjustment, but it . . . can't be nothing, the arrears cannot go away." Promptly following argument, the judge rendered a written decision. He found that at the time the parties entered into the MSA, "defendant worked as [a] placement consultant with [FSC]" and "his annual income was $120,000." Further, the judge accepted that defendant's

A-4580-19

compensation dropped in 2016, that he became a salesman at BMW Flemington, and his "gross income for 2019 was $15,300." The judge concluded, "there appears to be no dispute that defendant's economic situation has deteriorated. Discovery is unnecessary." Although the judge noted "both parties are struggling financially," he determined "defendant is entitled to some temporary relief." Therefore, the judge granted defendant a reduction in alimony, lowering his payments from $2,000 to $1,000 per month for the months of August through December 2020, and he directed that "[t]he alimony shall return to $2,000 per month effective January 1, 2021." The judge denied the balance of defendant's motion, but due to the parties' "competing certifications" regarding the $8,149 judgment, he provided that either party could "move for a plenary hearing on this issue."

On appeal, defendant raises the following arguments:

POINT I

THE COURT ERRED BY NOT REQUIRING DISCOVERY OR A PLENARY HEARING AFTER FINDING A PRIMA FACIE CASE OF CHANGED CIRCUMSTANCES (Raised Below).

POINT II

THE LOWER COURT ABUSED ITS DISCRETION BY MAKING A DETERMINATION ON ALIMONY

WITHOUT A RATIONAL BASIS AND FULL DISCOVERY (Not Raised Below).

POINT III

UPON REMAND, DEFENDANT-APPELLANT'S ORIGINAL FILING DATE OF JUNE 17, 2020 SHOULD BE PRESERVED (Not Raised Below).

Ordinarily, we defer to the factual findings of the Family Part because of its "special expertise in the field of domestic relations." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Brennan v. Orban, Jr., 145 N.J. 282, 300-01 (1996)). We do not disturb a trial court's findings unless we are satisfied it abused its discretion. Rolnick v. Rolnick, 262 N.J. Super. 343, 360 (App. Div. 1993) (citing Avery v. Avery, 209 N.J. Super. 155, 163 (App. Div. 1986)). However, a judge's purely legal decisions are subject to our plenary review. Crespo v. Crespo, 395 N.J. Super. 190, 194 (App. Div. 2007) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The party moving to modify an award of alimony bears the burden of making a prima facie showing that "circumstances" have changed to an extent sufficient to justify a modification. Lepis v. Lepis, 83 N.J. 139, 157 (1980). An "increase or decrease in the supporting spouse's income" may constitute a "changed circumstance" that warrants modification. Id. at 151 (citations omitted). A payor requesting a modification based on a decrease in income must

demonstrate those changed circumstances have "substantially affected his or her ability to support himself or herself and the supported spouse." Crews v. Crews, 164 N.J. 11, 30-31 (2000).

An asserted change in circumstances must have existed for a long enough period to be viewed as "continuing," rather than "temporary," to justify an adjustment of the obligation. Lepis, 83 N.J. at 151-52. Furthermore, "what constitutes a temporary change . . . should be viewed more expansively" when the party claiming it is self-employed, since "it is the self-employed obligor who is in a better position to present an unrealistic picture of his or her actual income than a W-2 earner." Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006).

When seeking a modification of alimony, "the movant shall append copies of the movant's current [CIS] and the movant's [CIS] previously executed or filed in connection with the order, judgment or agreement sought to be modified." R. 5:5-4(a)(4). The movant also must disclose his or her tax returns. Lepis, 83 N.J. at 157. Then, if a prima facie case is established, "the court shall order the opposing party to file a copy of a current [CIS]." R. 5:5-4(a)(4); see also Lepis, 83 N.J. at 157. Thereafter, the court should evaluate each party's current financial condition and subsequent ability to sustain the standard of living established at the time of the original dissolution proceeding. Stamberg

v. Stamberg, 302 N.J. Super. 35, 42 (App. Div. 1997). Only after the required financial disclosures are submitted should the court decide whether to hold a plenary hearing. Lepis, 83 N.J. at 159. Such a hearing is necessary if the discovery and other documentation demonstrate the existence of a genuine dispute regarding material facts. Ibid.; See Dorfman v. Dorfman, 315 N.J. Super. 511, 515 (App. Div. 1998).

Governed by these standards, we are constrained to agree with defendant that the judge properly found defendant made a prima facie showing of a substantial change in circumstances, but then misapplied his discretion by failing to order plaintiff to file a copy of a current CIS with the court as required by Rule 5:5-4(a)(4). However, we do not agree with defendant that the judge should have automatically scheduled a plenary hearing once defendant satisfied his Lepis burden. Again, the decision of whether to schedule a plenary hearing needed to abide the exchange of updated financial information between the parties. Only then could the judge understand whether a genuine dispute existed about the parties' financial circumstances.

We further observe that although the judge carefully explained why he found defendant satisfied his Lepis burden, he did not explain why defendant's alimony obligation should be reduced to $1,000 per month for five months and

10

then return to the level of $2,000 per month as of January 1, 2021. Because we cannot discern a basis for the limited duration of this temporary order, and because the judge did not have the benefit of plaintiff's CIS when he fixed the reduced support award, we vacate that portion of the decision limiting the relief afforded to defendant to a five-month period and remand the matter for further proceedings.

Due to the amount of time that has passed since the entry of the August 7 order, on remand, the judge not only should direct plaintiff to file an updated CIS, but he should also consider directing defendant to supplement his 2020 CIS with current information. Thereafter, the judge will be better equipped to determine whether a plenary hearing is warranted and to fairly address the support issues raised by the parties.

Finally, to the extent defendant argues in Point III that he is entitled to relief retroactive to the filing date of his original motion, we are convinced this contention should be addressed on remand after the exchange of additional discovery between the parties.

In sum, that aspect of the order restricting relief to a five-month period is vacated. The matter is remanded to determine whether further relief, both as to

A-4580-19

duration and the amount of any reduction in alimony, is warranted after discovery.

Vacated in part and remanded for further proceedings consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4580-19