**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3316-20

BRIAN J. WELCH,

     Plaintiff-Respondent,

v.

DONNA L. WELCH,

     Defendant-Appellant.

_____

Submitted June 21, 2022 – Decided July 8, 2022

Before Judges Whipple and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1292-08.

August J. Landi, attorney for appellant.

Drazin & Warshaw, PC, attorneys for respondent (Vincent L. Stripto, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant Donna L. Welch appeals from a June 8, 2021 Family Part order denying her motion for discovery

relative to her request for an increase in alimony based on changed circumstances. For the reasons that follow, we affirm.

I.

The following facts are derived from the record. The parties were married on June 30, 1983, and divorced on September 16, 2009. They executed a property settlement agreement (PSA) on July 15, 2008, which was incorporated into their consent dual judgment of absolute divorce. Article II, paragraph 2.1 of the PSA provided for spousal support as follows:

> Alimony. [Plaintiff] agrees to pay alimony to [defendant] in the amount of $10,000[] per year, in equal monthly installments of $833.33, commencing upon her vacating the marital residence. [Plaintiff]'s alimony obligation shall cease upon his death, [defendant]'s death, or [her] remarriage, whichever shall first occur. [Defendant]'s cohabitation with an unrelated person shall constitute a change in circumstances warranting a review of [plaintiff's] alimony obligation. Additionally, [plaintiff]'s alimony obligation shall be reviewed upon [his] retirement at normal retirement age or sooner if due to disability.

At the time the PSA was negotiated, plaintiff earned $45,000 per year working for Gerdau Ameristeel. Defendant was unemployed at the time but was receiving Social Security Disability (SSD) benefits of $1,100 per month and a monthly pension of $536 from her Federal Employees' Retirement System Pension as a former postal worker.

2

On August 19, 2009, plaintiff ceased working due to health issues dating back to 2005. He qualified for SSD benefits and disability benefits under a private policy issued by Hartford Insurance Company through his employer. As required by the PSA, plaintiff's disability and retirement triggered a review of his alimony obligation.

After plaintiff conferred with defendant about his disability and retirement, and upon a subsequent review of their current incomes, a consent order was entered reducing plaintiff's alimony obligation from $10,000 to $3,000 per year effective March of 2010. The revised alimony obligation would be paid in equal monthly installments of $250. On March 8, 2010, the consent order was executed by a Family Part judge. Thereafter, defendant moved to Florida and returned to New Jersey to visit over the 2010 Christmas holiday. She stayed at plaintiff's home, but he asked her to leave after he caught her rummaging through his personal papers.

In 2011, defendant filed a motion seeking to vacate the consent order, claiming she signed it under false pretenses; for reinstatement of the original alimony obligation; and to compel plaintiff to pay arrears. On February 16, 2011, a prior judge entered an order denying defendant's motion, without conducting oral argument as requested by defendant, and did not order a plenary

3

hearing. The judge determined defendant did not establish fraud in order to justify vacating the consent order. Defendant appealed the decision.

In an unpublished decision, <u>Welch v. Welch</u>, No. A-3658-10 (App. Div. Jan. 12, 2012), we reversed the February 16, 2011 order and remanded for further proceedings. We held "the motion judge should have granted oral argument on the motion and then held a plenary hearing because the parties' certifications contained conflicting assertions of material facts" related to their incomes, needs, and expenses. Further, we noted "only that [defendant] be given an opportunity to present her case."

On remand, the parties engaged in extensive paper discovery and exchanged updated case information statements (CIS). Both parties were also deposed. On June 5, 2012, the date scheduled for the plenary hearing, the parties reached an agreement and entered into another consent order, increasing plaintiff's alimony obligation from $250 to $275 per month.

On September 21, 2020, defendant filed a new motion to increase plaintiff's alimony obligation based on substantially changed circumstances, and for other relief not pertinent to this appeal. She contended the change in circumstances was plaintiff's increased income because he "received $150,000 in 2018 from the sale of his late mother's home" and inherited his mother's

"extensive stock portfolio." In addition, defendant requested mandatory economic mediation pursuant to Rule 1:40 and further discovery. Plaintiff opposed the motion, maintaining defendant did not establish a prima facie showing of changed circumstances and that her attempt "to secure equitable distribution of the inheritance from [his] mother which, even if it had been received prior to [their] divorce[,] would have been exempt from distribution."

On December 11, 2020, without conducting oral argument, the judge entered a post-judgment order finding defendant established a prima facie showing of changed circumstances and ordered plaintiff serve

> the [c]ourt and counsel a fully complete[d] [CIS] within [thirty] days including but not limited to current income from all sources, earned and unearned, and completed [a]sset page—to be completed and filed within ten (10) days, with sanctions to issue at the rate of $100 per week thereafter in the event of non-compliance.

The judge also ordered plaintiff to issue written authorizations to permit defendant's attorney to ascertain information regarding any interest in oil related assets in Texas and pension benefits plaintiff might have accrued. The judge denied defendant's request for mandatory economic mediation and further discovery without prejudice. A handwritten statement on the order provided, "Upon submission of [CIS] [c]ounsel may request a conference with the [c]ourt and further argument."

Plaintiff complied with the judge's order. His updated CIS disclosed his continued receipt of disability benefits he had been receiving from 2012 from the same sources of income. The only additional asset plaintiff's CIS revealed since the entry of the 2012 consent order was an inheritance of $290,500. Using plaintiff's executed authorizations, defendant's attorney did not uncover any oil-related assets or other income attributable to plaintiff.

On April 26, 2021, defendant filed a third motion seeking to increase plaintiff's alimony obligation and to refer the matter to economic mediation. Defendant also moved to compel plaintiff to provide authorizations for her to obtain copies of his income tax returns from the Internal Revenue Service from 2011 through 2020. On June 8, 2021, the judge rendered an oral opinion.

The judge found plaintiff complied with all of defendant's discovery requests and emphasized that the discovery was fruitless. Further, the judge added, "I'm really probably incorrect when I said that . . . [defendant] made out a prima facie case. But I found it sufficient enough to warrant the exchange of information, and that was done." Relying on Lepis v. Lepis, 83 N.J. 139 (1980), and its progeny, the judge held the discovery had not produced anything demonstrating a substantial change in circumstances, such as an increase in defendant's needs or plaintiff's income. The judge denied defendant's motion

and concluded there were no questions of material fact warranting additional discovery or a plenary hearing. A memorializing order was entered.

On appeal, defendant presents the following arguments for our consideration:

> (1) the judge erred by failing to direct the parties to complementary dispute resolution (CDR) and failing to conduct a plenary hearing after defendant demonstrated a prima facie showing of changed circumstances and requiring plaintiff to provide a fully completed CIS;
>
> (2) the judge erred by denying CDR given defendant's "needs;" plaintiff's paucity of alimony payments—$275 per month and plaintiff's CIS line-item expense of $665 per month for alcohol and tobacco; and
>
> (3) this dispute requires a plenary hearing should CDR interventions fail to resolve the issue.

## II.

The decision of the Family Part judge to modify alimony is reviewed under an abuse of discretion standard. Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006). "Whether an alimony obligation should be modified based upon a claim of changed circumstances rests within a Family Part judge's sound discretion." Ibid. Each individual motion for modification is particularized to the facts of that case, and "the appellate court must give due recognition to the wide discretion which our law rightly affords to the trial judges who deal with

7 <span>A-3316-20</span>

these matters." Ibid. (quoting Martindell v. Martindell, 21 N.J. 341, 355 (1956)). As such, the appellate court may not disturb the Family Part's decision on alimony unless it concludes that the Family Part "clearly abused its discretion, failed to consider all of the controlling legal principles, or must otherwise be well satisfied that the findings were mistaken or that the determination could not reasonably have been reached on sufficient credible evidence present in the record after considering the proofs as a whole." Heinl v. Heinl, 287 N.J. Super. 337, 345 (App. Div. 1996).

The same standard of review applies to a Family Part's determination regarding the need for a plenary hearing. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015). Conversely, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

"Alimony is an 'economic right that arises out of the marital relationship and provides the dependent spouse with "a level of support and standard of living generally commensurate with the quality of economic life that existed during the marriage."'" Quinn v. Quinn, 225 N.J. 34, 48 (2016) (quoting Mani v. Mani, 183 N.J. 70, 80 (2005)). Alimony is generally set based on the martial standard of living and contemplates the "continued maintenance at the standard of living [the dependent spouse] had become accustomed to prior to the

separation." Lepis, 83 N.J. at 150 (quoting Khalaf v. Khalaf, 58 N.J. 63, 69 (1971)). Alimony "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23.

Defendant argues that because the judge found in the December 11, 2020 order that she made a prima facie showing of changed circumstances, the same showing applies to her later April 26, 2021 motion. And defendant contends the issue of alimony is ripe for CDR. As a result, defendant maintains the judge erred in finding she failed to meet the requisite burden and that plaintiff's alimony obligation should be increased after further discovery is provided. We disagree.

To modify an alimony obligation, a movant has the burden of demonstrating a prima facie case of changed circumstances before the court orders discovery, full financial disclosure, or a plenary hearing. Lepis, 83 N.J. at 157-59. "When [a] movant is seeking modification of an alimony award, that party must demonstrate that changed circumstances have substantially impaired the ability to support himself or herself." Id. at 157. There are a number of changed circumstances that may warrant a modification of an alimony obligation, such as "an increase or decrease in the income of the supporting or

supported spouse." Quinn, 225 N.J. at 49 (quoting J.B. v. W.B., 215 N.J. 305, 327 (2013)).

A moving party "may make a prima facie showing of changed circumstances . . . by citing a combination of changes . . . of both parties[,] which together have altered the status quo [that] existed at the time of the entry of the support order under review." Donnelly v. Donnelly, 405 N.J. Super. 117, 131 (App. Div. 2009) (quoting Stamberg v. Stamberg, 302 N.J. Super. 35, 42 (App. Div. 1997)). "[T]he changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990).

However, courts acknowledge that income earned through employment "is not the only measure of the supporting spouse's ability to pay that should be considered by a court." Miller v. Miller, 160 N.J. 408, 420 (1999). Courts can and should also consider other factors, including "[r]eal property, capital assets, investment portfolio[s], and capacity to earn by 'diligent attention to . . . business.'" Id. at 420-21 (third alteration in original) (quoting Innes v. Innes, 117 N.J. 496, 503 (1990)).

Defendant claims that Schedule C of plaintiff's CIS lists his living expenses at $6,987 per month.  She also emphasizes that his "expense for alcohol and tobacco," $665 per month, is double his alimony obligation to her—$275 per month.  Therefore, defendant argues, she has made a prima facie showing of changed circumstances and is entitled to further discovery and a plenary hearing.  But, these numbers are taken from plaintiff's 2020 CIS, which the judge previously reviewed in denying defendant's motion to increase plaintiff's alimony obligation.  In her renewed motion, defendant fails to proffer any additional information that demonstrates a substantial change in circumstances.  The judge's decision is based upon substantial credible evidence in the record and defendant's motion seeking additional discovery from plaintiff was properly denied.

### III.

We also reject defendant's argument that a plenary hearing was required because there were no material factual disputes.  See Conforti v. Guliades, 128 N.J. 318, 322 (1992).  Moreover, "[a] hearing is not required or warranted in every contested proceeding for the modification of a judgment or order relating to alimony."  Murphy v. Murphy, 313 N.J. Super. 575, 580 (App. Div. 1998).  The court has the power "to hear and decide motions . . . exclusively upon

11

affidavits." Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976). A plenary hearing should be ordered "only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful." Murphy, 313 N.J. Super. at 580 (Shaw, 138 N.J. Super. at 440). A dispute of material fact is one that "bear[s] directly on the legal conclusions required to be made and [such] disputes can only be resolved through a plenary hearing." Spangenberg v. Kolakowski, 442 N.J. Super. 529, 540-41 (App. Div. 2015).

"[W]here the need for a plenary hearing is not so obvious, the threshold issue is whether the movant has made a prima facie showing that a plenary hearing is necessary." Hand v. Hand, 391 N.J. Super. 102, 106 (App. Div. 2007); see also Lepis, 83 N.J. at 159 (holding "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary," and explaining that "[w]ithout such a standard, courts would be obligated to hold hearings on every modification application"). Absent such a demonstration, the judge did not abuse his discretion by not conducting a plenary hearing. And there were no genuine or substantial issues raised requiring a plenary hearing.

Defendant argues that the competing certifications create a genuine issue of material fact, thus necessitating a plenary hearing. We note defendant fails

to point out any conflicting material facts that "bear directly on the legal conclusions required to be made." Spangenberg, 442 N.J. Super. at 540-41. As the judge aptly noted, defendant "simply argues that the current alimony order is neither 'equitable nor just.'" Defendant bases her argument solely upon comparing her monthly budget with plaintiff's as reflected on his previous CIS. The judge highlighted he already granted discovery to defendant on her earlier motion that did not warrant increasing plaintiff's alimony obligation and "was really more than the circumstances warranted at that point." The judge was correct in his analysis.

We conclude the remaining arguments raised by defendant—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3316-20