**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1999-20

CLAUDIA C. OSIS,

    Plaintiff-Respondent,

v.

TEOBALDO M. OSIS,

    Defendant-Appellant.

_____

Argued April 4, 2022 – Decided July 28, 2022

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-1242-18.

Jodi Argentino argued the cause for appellant (Argentino Fiore Law & Advocacy, LLC, attorneys; Jodi Argentino, of counsel and on the briefs; Celeste Fiore and Christina Salvia, on the briefs).

Kenneth R. Rush, argued the cause for respondent (DiLorenzo & Rush, attorneys; Kenneth R. Rush, of counsel and on the brief.)

PER CURIAM

In this post-judgment matrimonial matter, defendant Teobaldo Osis appeals from a February 9, 2021 Family Part order: granting plaintiff Claudia Osis's motion for alimony arrears; and denying his cross-motion to terminate or modify his alimony obligation, and modify the parties' parenting schedule. On appeal, defendant contends the motion judge abused her discretion by ordering a lump sum alimony payment, without assessing defendant's ability to pay or the parties' financial circumstances. Defendant also argues the judge erroneously determined he failed to demonstrate a change of circumstances under Lepis v. Lepis, 83 N.J. 139 (1980), warranting a reevaluation of alimony, and modification of custody or parenting time. Procedurally, defendant claims the motion judge abused her discretion by failing to hold oral argument on the return date for the cross-motions and schedule a plenary hearing on the disputed factual issues; deciding the cross-motions months after all moving papers were filed; and failing to make sufficient findings of fact and conclusions of law. Discerning no abuse of discretion or error of law warranting a reversal, we affirm.

I.

The parties married in April 2012 and have two children together: a daughter, born in December 2011, and a son, born in August 2016. Plaintiff also

has a son, born in February 2009, from a previous relationship, whom defendant has raised since the child's arrival from Peru at age two.[1]

When the parties divorced in July 2019, they executed a marital settlement agreement (MSA), which was incorporated in their dual judgment of divorce. At that time, plaintiff had been released on bail, facing federal indictment in the Eastern District of New York for drug trafficking charges, and was subject to deportation if convicted. The MSA addressed that contingency as follows.

The parties agreed to share joint legal custody of all three children. Plaintiff was designated the parent of primary residential custody, and defendant was afforded equal parenting time pursuant to the two-week, rotating schedule set forth in the agreement. However, the MSA provided defendant would have sole legal and physical custody of all three children if plaintiff were "incarcerated for more than [thirty] days, no longer permanently in the United States, or until otherwise agreed [to] in writing or pursuant to court order."

The MSA specifically noted plaintiff's shift work at McDonald's "change[d] with great frequency." Accordingly, plaintiff was permitted to "suggest 'swaps' of parenting time as appropriate." If plaintiff and defendant's

---

[1]  Defendant has an adult daughter from another relationship, who is not pertinent to this appeal.

A-1999-20

parents were unavailable to care for the children, defendant was required to "arrange . . . and pay for alternate child care."

Defendant agreed to pay plaintiff $2,550 per month in alimony for three years. As to the potential for earlier termination of alimony payments, the MSA provided:

> [A]limony shall <u>automatically terminate</u> upon [plaintiff]'s deportation, incarceration, or permanent absence from the United States ("permanent" meaning two months or more). Alimony shall be terminable upon [plaintiff]'s subsequent marriage or civil union and/or terminable or subject to reduction based upon cohabitation under N[ew] J[ersey] statute or case law or for any other change of circumstances.

Recognizing the parties shared parenting time of the three children, the MSA specified the parties agreed to deviate from the Child Support Guidelines, and neither party would pay the other "direct" child support. Instead, the parties agreed to pay "all reasonable costs for the children which [we]re not already included in child support on a [fifty-fifty] basis." Further, the parties stipulated that if the parenting schedule or defendant's alimony obligation changed, the equal allocation of the children's "reasonable costs" would be modified based on "the actual parenting time and all income numbers."

About five months after the divorce, on December 26, 2019, plaintiff applied, pro se, for an order to show cause for emergent relief, alleging

4

defendant had not paid alimony since November 19, 2019. Plaintiff claimed defendant's delinquency affected her ability to pay rent and, as such, she and the children faced homelessness. Her emergent application was denied but a hearing in the ordinary course was scheduled for January 24, 2020.

Defendant failed to appear on the January 24 return date. He later claimed he was not noticed of the hearing. Because no order issued on that date, defense counsel wrote to the court seeking permission to file a cross-motion and carry the matter to March 27. The judge instead adjourned the return date to March 13 and allowed defendant to file responding papers by March 5. Defendant's timely submission was limited to a certification with exhibits; it did not, however, include a current case information statement (CIS). See R. 5:5-4(a)(4).

According to defendant, plaintiff "barely ever ha[d] parenting time with [their] children." Defendant annexed to his certification copies of calendars, memorializing plaintiff's missed overnight parenting time. Defendant claimed plaintiff failed to provide advance notice of her schedule and neglected to request swap time. As one notable example, defendant stated "in November, [p]laintiff exercised only [two] of the [fourteen] overnights that she would have had under the [MSA]." Defendant also asserted the children complained plaintiff had no food in her home, "provide[d] nothing for their after[-]school

activities," and failed to afford the children "basic things like haircuts." However, defendant acknowledged plaintiff "ha[d] more parenting time than usual" in December, albeit "<u>while</u> her motion was pending." He requested an accounting as to the alleged alimony arrears and an ability-to-pay hearing.

According to defendant's merits brief on appeal, defense counsel requested an adjournment the day before the March 13 return date "due to the rising Covid-19 pandemic." The judge denied the request and indicated the cross-motions would be heard "on the papers."

By mid-August 2020, with the parties' applications still undecided – and without leave of court – defendant filed a CIS and certification with exhibits, including a list of plaintiff's missed parenting time during the month of June 2020. Defendant again argued plaintiff failed to uphold her parental responsibilities under the MSA.

On February 9, 2021, the motion judge issued an order granting, in part, plaintiff's motion for alimony arrears and directing defendant pay $4,000 in arrears in a lump sum within thirty days. The judge denied defendant's cross-motion in its entirety and issued a short statement of reasons within the ordered paragraphs.

6

Regarding defendant's application to terminate or modify alimony, the judge concluded defendant "fail[ed] to demonstrate a significant change of circumstances," finding "the very terms the parties agreed to not more than two years ago ha[d] not materialized." According to the judge: "[p]laintiff ha[d] not been deported, incarcerated, or permanently absent from the United States. While the charges against [p]laintiff [we]re noted, none of the aforementioned circumstances ha[d] yet occurred. Defendant remain[ed] bound to the obligation he volitionally accepted." The judge also denied defendant's request to modify the parties' parenting schedule stating, without elaborating, defendant "failed to demonstrate a significant change in circumstances."

On March 8, 2021, defense counsel wrote to the motion judge, confirming defendant remitted the $4,000 alimony arrears payment in full, but sought to stay the February 9, 2021 order pending appeal. On March 11, 2021, the judge denied defendant's application. This appeal followed.

## II.

"Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "Only when the trial court's conclusions are so 'clearly mistaken'

7

or 'wide of the mark' should we interfere." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007)). "We will reverse only if we find the trial judge clearly abused his or her discretion." Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012). However, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

The child support and alimony provisions of a matrimonial settlement agreement are subject to review and modification on a showing of changed circumstances. Lepis, 83 N.J. at 146; N.J.S.A. 2A:34-23. Under that standard, the judge determines whether the agreement is fair, equitable, and if it "should receive continued enforcement without modification." Lepis, 83 N.J. at 148-49. "When the movant is seeking modification of an alimony award, that party must demonstrate that changed circumstances have substantially impaired the ability to support himself or herself." Id. at 157. "When the movant is seeking modification of child support, the guiding principle is the 'best interests of the children.'" Ibid.

"The moving party has the burden of establishing a prima facie case of changed circumstances before discovery of the opposing spouse's finances will be ordered." Stamberg v. Stamberg, 302 N.J. Super. 35, 42 (App. Div. 1997);

see also <u>Lepis</u>, 83 N.J. at 157. "By prima facie is meant evidence that, if unrebutted, would sustain a judgment in the proponent's favor." <u>Baures v. Lewis</u>, 167 N.J. 91, 118 (2001), <u>rev'd on other grounds</u>, <u>Bisbing v. Bisbing</u>, 230 N.J. 309, 334-35 (2017).

"Courts have consistently rejected requests for modification based on circumstances which are only temporary or which are expected but have not yet occurred." <u>Lepis</u>, 83 N.J. at 151. Premature filing of a <u>Lepis</u> motion will justify its denial on the ground that the change has not been shown to be a permanent condition or of lasting duration. <u>Larbig v. Larbig</u>, 384 N.J. Super. 17, 22-23 (App. Div. 2006) (deeming twenty months insufficient time to conclude reduction in husband's income was permanent); <u>see also</u> <u>Donnelly v. Donnelly</u>, 405 N.J. Super. 117, 127-29 (App. Div. 2009) (explaining the defendant's <u>Lepis</u> motion was properly denied following a similar motion filed nine months earlier).

As a preliminary matter, we note defendant's cross-motion was deficient for failure to file a current CIS pursuant to <u>Rule</u> 5:5-4(a)(4). Although the judge's order did not expressly reflect that deficiency, the omission of a current CIS foiled defendant's ability to make a prima facie showing of a substantial change in his financial circumstances. Further, we are not persuaded the

deficiency was cured by defendant's subsequent filing of an August 19, 2020 CIS. Defendant failed to seek leave to file the updated CIS and certification, which asserted additional bases for relief, including allegations of missed visits during the five-month period following the filing of defendant's cross-motion. Nor does the record reflect plaintiff consented to the late filing or the motion judge agreed to consider it.

Under these circumstances, we conclude the motion judge properly found defendant failed to establish any legitimate reason to review his alimony and support obligations, which were established under the MSA only eight months before defendant filed his cross-motion seeking modification. Even if the judge had considered defendant's August 2020 filing, the application was premature, having been submitted to the court sixteen months after the MSA was established. See, e.g., Larbig, 384 N.J. Super. at 22-23. Indeed, although defendant initially certified plaintiff missed a great deal of parenting time in the months leading up to the filing of motions, he nonetheless acknowledged plaintiff saw the children more often while the parties' cross-applications were pending in court.[2]

---

[2] Had defendant established an ongoing change in circumstances, relief would have been afforded by way of an adjustment in the child support award, not

Moreover, it was not reversible error to fix defendant's arrears or direct a lump sum payment to satisfy them. Defendant acknowledged he was in arrears but disputed the amount owed. In that regard, his cross-motion sought any alimony owed be calculated by the Probation Division (PD), and paid over time "to cure" his arrearage. According to the judge's order, "the system Probation uses to monitor and enforce support payments notes that [d]efendant was $4,000 in arrears." That amount is reflected in the PD's end-of-year-statement provided in defendant's appendix on appeal.

Further, according to defendant's April 17, 2019 CIS, his gross income was $139,127 in 2018, and he earned $1,505.11 in "overtime" and $11,661 in "outside overtime" from January 1 to June 19, 2020. Those overtime payments were included in his bi-weekly paychecks. We therefore discern no error in the judge's decision, requiring defendant to satisfy his $4,000 arrearage promptly in one payment.

Finally, we address defendant's procedural challenges to the order under review. We recognize the better practice is to hear argument when requested. See R. 5:5-4(a)(1) (providing family judges "ordinarily grant requests for oral

---

defendant's alimony obligation. See Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A ¶14(j), www.gannlaw.com (2022).

A-1999-20

argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions"); see also R. 1:6-2(d); Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).

In view of the length of time the motions remained undecided in this case – notwithstanding defendant's deficient cross-motion – the more prudent course would have been to schedule oral argument virtually. Nevertheless, even if a motion involves a substantive issue, it is within the court's discretion to dispense with argument if it would be unnecessary or unproductive, such as when no additional information beyond the papers is necessary. See Palombi v. Palombi, 414 N.J. Super. 274, 286-88 (App. Div. 2010). Here, defendant had a full and fair opportunity to present his arguments in support of his application to reduce his alimony and child support payments. Because his proofs fell short, we therefore discern no reason to remand this matter for oral argument.

To the extent not specifically addressed, defendant's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1999-20